CDAS

LEO M. LICHTMAN
Partner
(212) 497-0913
llichtman@cdas.com

June 10, 2026

**VIA ECF**
Hon. LaShann DeArcy Hall, USDJ
United States District Court, Eastern District of New York
225 Cadman Plaza East, Courtroom 4H North
Brooklyn, NY 11201

**Re: *LIB & Co. Inc. v. Bethel International*, No. 1:26-cv-01780-LDH-LKE**
**Letter Concerning Defendant's Anticipated Motion to Dismiss**

Dear Judge Hall:

This firm represents Defendant Bethel International ("Bethel") in the above-referenced case filed by Plaintiff LIB & Co., Inc. ("Plaintiff") on March 25, 2026. Pursuant to Your Honor's Individual Rule III.A.1, Bethel writes to request a pre-motion conference in connection with its anticipated motion to dismiss the complaint (ECF No. 1) ("Compl.") pursuant to Fed. R. Civ. P. 12(b)(6). The grounds are summarized below, and will be expanded upon in formal motion briefing should the Court require.

## I. Background

Plaintiff, a Canadian company, alleges to hold copyrights and trademarks in three collections of lighting fixture products. Compl. ¶¶ 3, 7, 11. Plaintiff alleges that Bethel, also a Canadian company, infringed Plaintiff's copyright and trademark rights through the sale of competing products. Compl. ¶¶ 17-18, 26. Plaintiff brings one count for copyright infringement and three counts for trademark infringement and unfair competition under the Lanham Act and New York common law.

## II. Plaintiff Fails to Allege Copyright Infringement

To establish copyright infringement, plaintiff must demonstrate (1) ownership of a valid copyright, and (2) unauthorized copying. *Jorgensen v. Epic/Sony Recs.*, 351 F.3d 46, 51 (2d Cir. 2003). Plaintiff's allegations do not meet these requirements.

*First*, because Plaintiff is a Canadian company and the alleged works originate from Canada, Canadian law applies to the question of whether Plaintiff holds valid copyrights. *See Bridgeman Art Library, Ltd. v. Corel Corp.*, 25 F. Supp. 2d 421, 426 (S.D.N.Y. 1998) (applying U.K. law in holding that works originating from British photographer were not copyrightable). Article 64 of the Canadian Copyright Act holds that owners of useful articles that are "reproduced in a quantity of more than fifty" hold no right to prevent the reproduction of "the design of the article or a design not differing substantially from the design of the article." *See https://laws-lois.justice.gc.ca/eng/acts/c-42/section-64.html*. Its purpose is to "limit the scope of copyright and moral rights for designs applied to certain products that are reproduced in industrial quantities." *See French v. Royal Canadian Legion*, 2024 FCA 63 *available at https://decisions.fca-caf.gc.ca/fca-caf/decisions/en/item/521376/index.do*. Plaintiff cannot assert copyright rights over mass-produced light fixtures that are not subject to copyright protection in Canada. *See Canadian Standards*

*Ass'n v. P.S. Knight Co., Ltd.*, 112 F.4th 298, 304 (5th Cir. 2024) (copying of Canadian model code not actionable where Canada permitted such copying).

*Second,* Plaintiff has not plausibly alleged actionable copying, which requires pleading facts demonstrating that Bethel's designs (i) actually copied protectable elements of Plaintiff's designs; and (ii) are substantially similar to those elements. *See Piuggi v. Good for You Prods.*, LLC, 739 F. Supp. 3d 143, 157-166 (S.D.N.Y. 2024); *Wolstenholme v. Hirst*, 271 F. Supp. 3d 625, 636-639 (S.D.N.Y. 2017). Plaintiff's allegations of copying are wholly conclusory. There are no allegations pointing to any direct evidence of actual copying, nor are there any allegations of circumstantial evidence—namely, that Bethel accessed Plaintiff's works and that the alleged similarities are probative of copying. *Id.* at 636. Nor does Plaintiff identify what aspects of Bethel's competing designs copy original and protectable elements of Plaintiff's designs, a particularly important requirement where, as here, the alleged works are comprised of functional elements and other unprotectable ideas (if even protectable at all). *See Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 442-43 (S.D.N.Y. 2012) ("[W]hen a work contains both unprotectable and protectable elements, the inspection must be more discerning . . .").

*Third*, even if Plaintiff plausibly alleged the elements of copyright infringement, the Complaint fails to put Bethel on notice of "what acts during what time" the copyrights were allegedly infringed, which is a basic pleading requirement. *See Cole v. John Wiley & Sons, Inc.*, 2012 WL 3133520, at *11 (S.D.N.Y. Aug. 1, 2012). Plaintiff alleges in a formulaic manner that Bethel has copied the lighting fixtures at issue without specifying so much as a time period for *when* such acts allegedly occurred. This is plainly insufficient. *See, e.g., Palmer Kane LLC v. Scholastic Corp.*, 2013 WL 709276, at *3 (S.D.N.Y. Feb. 27, 2013). The omission is particularly glaring, given that Plaintiff seeks "statutory damages for willful copyright of up to $150,000 per infringement" and "attorney's fees" under the Copyright Act, Compl. ¶ 36, knowing full well that it is not entitled to such relief if the alleged infringement commenced prior to registration. *See* 17 U.S.C. § 412.[1]

## III. Plaintiff Fails to Allege Trademark Infringement or Unfair Competition

Plaintiff's other claims—premised on infringement of alleged unregistered trade dress in product designs—are meritless on their face. To state a claim, Plaintiff must (i) allege that "the claimed trade dress is non-functional"; (ii) allege that the "claimed trade dress has secondary meaning"; (iii) allege that "there is a likelihood of confusion between the plaintiff's good and the defendant's"; and (iv) "offer a precise expression of the character and scope of the claimed trade dress." *Nat'l Lighting Co., Inc. v. Bridge Metal Indus. LLC*, 601 F. Supp. 2d 556, 562-63 (S.D.N.Y. 2009). The standards under state law closely parallel those under federal law, but additionally require a showing of bad faith. *See Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 335 (E.D.N.Y. 2014).

Here, Plaintiff fails to demonstrate ownership of protectable trade dress. As an initial matter, Plaintiff fails to articulate what elements even comprise alleged trade dress—it simply refers to lighting "designs" in generalized terms, with cursory reference to images. Compl. ¶¶ 3, 7, 11. Nowhere in the Complaint does Plaintiff precisely set forth the scope of the alleged trade dress, or identify which specific design elements (or combination thereof) it contends are (i) non-functional; (ii) consistently displayed across its product

[1] Plaintiff's copyrights were registered quite recently—on December 22, 2025 and January 7, 2026 respectively—and none were registered within three months of first publication. Compl. Exs. B, E, H. When the infringement allegedly occurred is thus critical to the question of whether Plaintiff can plausibly assert a right to seek statutory damages and attorney's fees under the Copyright Act, 17 U.S.C. § 412, making Plaintiff's omission particularly glaring.

collections; and (iii) source indicators. *See Nat'l Lighting*, 601 F. Supp. 2d at 562-63 ("[C]ourts cannot expect to distill from a set of images those elements that are common to a line of products and both distinctive and non-functional."); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 118 (2d Cir. 2001).

Even if Plaintiff properly identified the alleged trade dress, the Complaint is devoid of any allegation suggesting that Plaintiff's product designs have acquired secondary meaning, as is required to survive dismissal. *See Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 554 F. Supp. 3d 606, 616 (S.D.N.Y. 2020). ("[S]econdary meaning must be shown for product-design trade dress...."). There are no allegations whatsoever concerning, *inter alia* Plaintiff's advertising expenditures, sales success, the existence of consumer studies, unsolicited media coverage, attempts to plagiarize the trade dress, or the length and exclusivity of Plaintiff's use of the trade dress—key considerations in assessing acquired distinctiveness. *See Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 329 (2d Cir. 2020); *Sara Designs, Inc. v. A Classic Time Watch Co. Inc.*, 234 F. Supp. 3d 548, 555-56 (S.D.N.Y. 2017). Indeed, two of the designs were not even published in the U.S. until 2023, and one was not even published as of January 2026, according to ***copyright*** registrations. Compl. Exs. B, E, H. Plaintiff has notably had trouble obtaining ***trademark*** registrations, because, according to publicly available USPTO records, Plaintiff's applied-for marks consist of nondistinctive products designs. *See Fullsend, Inc. v. Nelk, Inc.*, 2023 WL 2710593, at *4 (E.D.N.Y. Mar. 30, 2023) (courts can take judicial notice of trademark applications).

Moreover, Plaintiff has failed to plausibly allege a likelihood of confusion. Plaintiff does not address any of the Second Circuit's *Polaroid* factors for likelihood of confusion, but simply provides conclusory references to likelihood of confusion. *See, e.g., Ahmed v. GEO USA LLC*, 2015 WL 1408895, at *2 (S.D.N.Y. Mar. 17, 2015) (failure to allege any facts to support alleged likelihood of confusion merited dismissal). Plaintiff is notably not claiming that Bethel has made any misleading representations as to source or origin. *See Nat'l Lighting Co.*, 601 F. Supp. 2d at 563-64; *Wolstenholme*, 271 F. Supp. 3d at 643-44. Instead, Plaintiff seeks to quash lawful competition under the guise of trademark protection, which is precisely why Courts are hesitant to extend trade dress protection to product designs in the first place. *See Carson Optical*, 11 F. Supp. 3d at 340 (citing *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 375 (2d Cir. 1997)).

Plaintiff's failure to allege a claim under the Lanham Act also means that its state law claims fail as well. *See Carson Optical*, 11 F. Supp. 3d 317, 336. The claims furthermore fail because Plaintiff does not plausibly allege bad faith. *Id.* And in any event, Plaintiff is precluded from maintaining only its state claims because there is no indication that Plaintiff—a foreign corporation—has conformed to the registration and taxation requirements of New York. *See* N.Y. B.C.L. § 1312(a); *Nat'l Lighting*, 601 F. Supp. 2d at 565-66 (citing *Netherlands Shipmortgage Corp., Ltd. v. Madias*, 717 F.2d 731 (2d Cir. 1983)).

Respectfully Submitted,

*/s/Leo M. Lichtman*
Leo M. Lichtman

*Attorney for Bethel International*

cc: All Counsel of Record (via ECF)