UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIB & CO. INC.,<br>Plaintiff,<br>-vs-<br>BETHEL INTERNATIONAL,<br>Defendant. | **FIRST AMENDED COMPLAINT**<br><br>Case No. 1:26-cv-01780<br><br>**JURY TRIAL DEMANDED** |

Plaintiff **LIB & Co. Inc.** ("**Plaintiff**") brings this complaint (the "**Complaint**") against Defendant Bethel International ("**Defendant**") for injunctive relief and monetary damages as well as such other relief as specified herein for (i) Copyright Infringement under the U.S. Copyright Act (17 U.S.C. § 501(a)); (ii) Trademark Infringement, False Association, and Unfair Competition under the U.S. Lanham Act (15 U.S.C. § 1125(a)); (iii) Unfair Competition under New York State common law; and (iv) Trademark Infringement under New York State common law.

## INTRODUCTION

1. Plaintiff is engaged in the manufacturing, distribution, marketing and sale of lighting fixtures and related products and installation, advisory, and design services regarding the same.

2. Plaintiff offers its lighting fixtures in a variety of styles and designs organized into "collections," the relevant collections to this action being the Sorrento collection, Belluno collection, and Fiori collection.

### The Sorrento Design

3. Plaintiff is the owner of all intellectual property rights, including without limitation copyrights and trademarks, pertaining to its collections including, for example, its Sorrento

collection, as shown, for example, on its website, https://libandco.com/collections/sorrento-collection, in the images below, and in **Exhibit A** hereto.

4. Plaintiff's trademark and trade dress rights in and to the Sorrento collection include but are not limited to (i) the design of the individual light fixtures, and the overall design created by the combination and arrangement of the individual light fixtures, as depicted below (collectively, the "**Sorrento Trade Dress**"), and (ii) the mark  (together with the Sorrento Trade Dress, the "**Sorrento Marks**").



5. Since at least as early as March 17, 2023, Plaintiff has continuously used in U.S. commerce the Sorrento Marks in connection with its goods, including without limitation, *Lighting fixtures; Light shades; Lighting apparatus, namely, lighting installations; Lighting installations; Pendant lighting fixtures; Electric lighting fixtures; Indoor lighting fixtures; Outdoor lighting fixtures; Chandeliers; Ceiling lights*.

6. The Sorrento Trade Dress consists of a three-dimensional configuration of individual light fixtures featuring a linear side with extended portions appearing to be folded onto one another with wavy edges, as well as the overall design created by the combination and arrangement of the individual light fixtures. The following is a drawing of the individual light fixtures of the Sorrento Trade Dress, where the matter shown in dotted lines is not part of the trade dress and serves only to show position or placement of the trade dress.



7. The Sorrento Trade Dress is non-functional and inherently distinctive and, in the alternative, has acquired distinctiveness in the marketplace because of Plaintiff's longstanding and exclusive use of the Sorrento Trade Dress in U.S. commerce.

8. Such acquired distinctiveness has been established based on Plaintiff's large number of sales of goods under the Sorrento Trade Dress in the U.S., its widespread marketing and advertising of its goods under the Sorrento Trade Dress in the U.S., its hundreds of well-known retailers and partners for the goods under the Sorrento Trade Dress in the U.S., and receipt of extensive and unsolicited media coverage featuring the Sorrento Trade Dress in the U.S.

9. Further, due to the success of Plaintiff and its one-of-a-kind custom lighting creations, including its Sorrento collection featuring the Sorrento Trade Dress, third parties have intentionally copied the Sorrento Trade Dress for use in connection with goods related to and/or overlapping with Plaintiff's goods, which also supports that the Sorrento Trade Dress has acquired distinctiveness.

10. In addition to its trade dress and trademark rights, Plaintiff is the owner of all copyrights in the Sorrento collection, including without limitation U.S. Copyright Registration No. VA0002473116 for the Sorrento light shade embodied in the Sorrento collection (the "**U.S. Registered Sorrento Work**"), a copy of which is set forth in **Exhibit B** along with a copy of the photos deposited with the U.S. Copyright Office in support of said registration.

11. Plaintiff is also the owner of Canadian Copyright Registration No. 1246545 for the Sorrento light shade embodied in the Sorrento collection that is the subject of the U.S. Registered Sorrento Work.

12. In complete disregard for Plaintiff's rights, and without Plaintiff's permission, Defendant has and continues to knowingly engage in activities unauthorized by Plaintiff pertaining to the U.S. Registered Sorrento Work to which Plaintiff has exclusive rights pursuant to U.S. Copyright Act (e.g., 17 U.S.C. § 106), including but not limited to the reproduction, distribution, display, advertising, offering for sale and/or sale of lighting fixtures having light shades, and the

selection, coordination and arrangement of the same that are identical, or at least substantially similar, to Plaintiff's Sorrento collection and U.S. Registered Sorrento Work. Examples of such infringing products are shown below and also in **Exhibit C** hereto.



13. Defendant has had access to Plaintiff's U.S. Registered Sorrento Work through at least the advertising and display of Plaintiff's Sorrento collection on Plaintiff's publicly available website at https://libandco.com/, and otherwise evidenced by the striking similarity of Defendant's products to Plaintiff's U.S. Registered Sorrento Work, as shown in Exhibit C, for example.

14. The following is a comparison of Defendant's product to Plaintiff's product to which the U.S. Registered Sorrento Work pertains. The comparison establishes that Defendant has copied the Sorrento individual lighting fixtures, as well as the selection, coordination and arrangement of the same.

| Plaintiff's Product | Defendant's Product |
|---|---|
|  |  |

15. Defendant has usurped, misappropriated, and infringed upon Plaintiff's rights in its Sorrento collection, Sorrento Marks and U.S. Registered Sorrento Work for the purpose of profiting from the sale of unauthorized designs and other infringing products.

**The Belluno Design**

16. Plaintiff is also the owner of all intellectual property rights, including without limitation trademarks and copyrights, in and to its Belluno collection as shown, for example, on its website https://libandco.com/collections/belluno-collection, in the images below, and in **Exhibit D** hereto.

17. Plaintiff's trademark and trade dress rights in the Belluno collection include but are not limited to (i) the design of the individual light fixtures, and the overall design created by the combination and arrangement of the individual light fixtures, as depicted below (collectively, the "**Belluno Trade Dress**"), and (ii) the mark  (together with the Belluno Trade Dress, the "**Belluno Marks**").



18. Since at least as early as March 17, 2023, Plaintiff has continuously used in U.S. commerce the Belluno Marks in connection with its goods, including without limitation, *Lighting fixtures; Light shades; Lighting apparatus, namely, lighting installations; Lighting installations; Pendant lighting fixtures; Electric lighting fixtures; Indoor lighting fixtures; Outdoor lighting fixtures; Chandeliers; Ceiling lights*.

19. The Belluno Trade Dress consists of a three-dimensional configuration of individual light fixtures featuring a tulip shape with three petals pinched in the middle and opened at the top, as well as the overall design created by the combination and arrangement of the individual light fixtures. The following is a drawing of the individual light fixtures of the Belluno Trade Dress, where the matter shown in dotted lines is not part of the trade dress and serves only to show position or placement of the trade dress.



20. The Belluno Trade Dress is non-functional and inherently distinctive and, in the alternative, has acquired distinctiveness in the marketplace because of Plaintiff's longstanding and exclusive use of the Belluno Trade Dress in U.S. commerce.

21. Such acquired distinctiveness has been established based on Plaintiff's large number of sales of goods under the Belluno Trade Dress in the U.S., its widespread marketing and advertising of its goods under the Belluno Trade Dress in the U.S., its hundreds of well-known retailers and partners for the goods under the Belluno Trade Dress in the U.S., and receipt of extensive and unsolicited media coverage featuring the Belluno Trade Dress in the U.S.

22. Further, due to the success of Plaintiff and its one-of-a-kind custom lighting creations, including its Belluno collection featuring the Belluno Trade Dress, third parties have

intentionally copied the Belluno Trade Dress for use in connection with goods related to and/or overlapping with Plaintiff's goods, which also supports that the Belluno Trade Dress has acquired distinctiveness.

23. In addition to its trade dress and trademark rights, Plaintiff is the owner of all copyrights in the Belluno collection, including without limitation U.S. Copyright Registration No. VA0002473120 for the Belluno light shade embodied in the Belluno collection (the "**U.S. Registered Belluno Work**"), a copy of which is set forth in **Exhibit E** hereto along with a copy of the photos deposited with the U.S. Copyright Office in support of said registration.

24. Plaintiff is also the owner of Canadian Copyright Registration No. 1246546 for the Belluno light shade embodied in the Belluno collection that is the subject of the U.S. Registered Belluno Work.

25. In complete disregard for Plaintiff's rights, and without Plaintiff's permission, Defendant has and continues to knowingly engage in the reproduction, distribution, display, advertising, offering for sale and/or sale of lighting fixtures having light shades, and the selection, coordination and arrangement of the same that are identical, or at least substantially similar, to Plaintiff's Belluno collection and U.S. Registered Belluno Work. Examples of such infringing products are shown below and also in **Exhibit F** hereto.



26. Defendant has had access to Plaintiff's U.S. Registered Belluno Work through at least the advertising and display of Plaintiff's Belluno collection on Plaintiff's publicly available website at https://libandco.com/, and otherwise evidenced by the striking similarity of Defendant's products to Plaintiff's U.S. Registered Belluno Work, as shown in Exhibit F, for example.

27. The following is a comparison of Defendant's product to Plaintiff's product to which the U.S. Registered Belluno Work pertains. The comparison establishes that Defendant has copied the Belluno individual lighting fixtures, as well as the selection, coordination and arrangement of the same.

| **Plaintiff's Product** | **Defendant's Product** |
|---|---|
|  |  |





28. Defendant has usurped, misappropriated, and infringed upon Plaintiff's rights in its Belluno collection, Belluno Marks and U.S. Registered Belluno Work for the purpose of profiting from the sale of unauthorized designs and other infringing products.

**The Fiori Design**

29. Plaintiff is further the owner of all intellectual property rights, including without limitation copyrights and trademarks, in and to the Fiori collection, as shown, for example, on its website, https://libandco.com/collections/fiori-collection, in the images below, and in **Exhibit G** hereto.

30. Plaintiff's trademark and trade dress rights in the Fiori collection include but are not limited to (i) the design of the individual light fixtures, and the overall design created by the combination and arrangement of the individual light fixtures, as depicted below (the "**Fiori Trade Dress**"), and (ii) the mark  (together with the Fiori Trade Dress, the "**Fiori Marks**").

 

31. Since at least as early as January 8, 2026, Plaintiff has continuously used in U.S. commerce the Fiori Marks in connection with its goods, including without limitation, *Lighting fixtures; Light shades; Lighting apparatus, namely, lighting installations; Lighting installations; Pendant lighting fixtures; Electric lighting fixtures; Indoor lighting fixtures; Outdoor lighting fixtures; Chandeliers; Ceiling lights*.

32. The Fiori Trade Dress consists of a three-dimensional configuration of individual light fixtures featuring a flower shape, as well as the overall design created by the combination and arrangement of the individual light fixtures. The following is a drawing of the individual light fixtures of the Fiori Trade Dress, where the matter shown in dotted lines is not part of the trade dress and serves only to show position or placement of the trade dress.



33. The Fiori Trade Dress is non-functional and inherently distinctive and, in the alternative, has acquired distinctiveness in the marketplace because of Plaintiff's longstanding and exclusive use of the Fiori Trade Dress in U.S. commerce.

34. Such acquired distinctiveness has been established based on Plaintiff's large number of sales of goods under the Fiori Trade Dress in the U.S., its widespread marketing and advertising of its goods under the Fiori Trade Dress in the U.S., its hundreds of well-known retailers and partners for the goods under the Fiori Trade Dress in the U.S., and receipt of extensive and unsolicited media coverage featuring the Fiori Trade Dress in the U.S.

35. Further, due to the success of Plaintiff and its one-of-a-kind custom lighting creations, including its Fiori collection featuring the Fiori Trade Dress, third parties have intentionally copied the Fiori Trade Dress for use in connection with goods related to and/or

overlapping with Plaintiff's goods, which also supports that the Fiori Trade Dress has acquired distinctiveness.

36. In addition to its trade dress and trademark rights, Plaintiff is the owner of all copyrights in the Fiori collection, including without limitation U.S. Copyright Registration No. VAu001568841 for the Fiori light element embodied in the Fiori collection(the "**U.S. Registered Fiori Work**"), a copy of which is set forth in **Exhibit H** hereto along with a copy of the photos deposited with the U.S. Copyright Office in support of said registration.

37. Plaintiff is also the owner of Canadian Copyright Registration Nos. 1246544 and 1246547 for the Fiori light element embodied in the Fiori collection and the overall design that is the subject of the U.S. Registered Fiori Work.

38. In complete disregard for Plaintiff's rights, and without Plaintiff's permission, Defendant has and continues to knowingly engage in the reproduction, distribution, display, advertising, offering for sale and/or sale of lighting fixtures having light shades, and the selection, coordination and arrangement of the same that are identical, or at least substantially similar, to Plaintiff's Fiori collection and U.S. Registered Fiori Work. Examples of such infringing products are shown below and also in **Exhibit I** hereto.





39. Defendant has had access to Plaintiff's U.S. Registered Fiori Work through at least the advertising and display of Plaintiff's Fiori collection on Plaintiff's publicly available website

at https://libandco.com/, and otherwise evidenced by the striking similarity of Defendant's products to Plaintiff's U.S. Registered Fiori Work, as shown in Exhibit I, for example.

40. The following is a comparison of Defendant's product to Plaintiff's product to which the U.S. Registered Fiori Work pertains. The comparison establishes that Defendant has copied the Fiori individual lighting fixtures, as well as the selection, coordination and arrangement of the same.

| Plaintiff's Product | Defendant's Product |
|---|---|
|   |    |

41. Defendant has usurped, misappropriated, and infringed upon Plaintiff's rights in its Fiori collection, Fiori Marks and U.S. Registered Fiori Work for the purpose of profiting from the sale of unauthorized designs and other infringing products.

42. The infringing products referenced herein, including without limitation as portrayed in Exhibits C, F, and I, are collectively referred to herein as **Defendant's Infringing Products**.

43. Upon information and belief, the Defendant's Infringing Products have been sold throughout the United States, including in this State and judicial district.

## PARTIES

44. Plaintiff LIB & Co. Inc. is a Canadian corporation, with an address of 74 Wildcat Road, North York, Ontario, M3J 2V4 Canada.

45. Plaintiff is informed and believes and, on that basis, alleges that Defendant Bethel International is a private company with an address of 1-43 Riviera Dr. #1, Markham, ON, L3R 5J6, Canada.

## JURISDICTION AND VENUE

46. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) because these claims arise under the Copyright Act, 17 U.S.C. § 501(a), and the Lanham Act, 15 U.S.C. § 1125(a). In addition, supplemental jurisdiction over the related state law claims is conferred upon this Court by 28 U.S.C. § 1367(a) because these claims arise out of the same nucleus of operative fact as the federal claims.

47. Plaintiff is informed and believes and on that basis alleges that this Court has personal jurisdiction over Defendant because Defendant has regularly transacted, and continues to transact, business in this State; contract to supply goods and/or services in this State; is causing

injury by acts in this State; and engages in other persistent courses of conduct and/or derives substantial revenue from goods used or consumed, or services rendered, in this State.

48. Plaintiff is informed and believes and, on that basis, alleges that Defendant has sufficient minimum contacts with this State, through at least the significant promotion, advertising, marketing, offering for sale and sale of goods that infringe upon Plaintiff's rights within this State, such that this Court has personal jurisdiction over Defendant.

49. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts complained of herein occurred in this judicial district, certain of the claims complained of herein arise out of or relate to contracts that oblige these parties to litigate disputes thereunder in this judicial district, and Defendant is subject to personal jurisdiction in this judicial district. Venue is also proper in this judicial district under 28 U.S.C. § 1400 because the claims are brought under the Copyright Act.

## FACTUAL BACKGROUND

50. Plaintiff engages in the manufacturing, distribution, marketing and sale of lighting fixtures and is the owner of all intellectual property rights in and to its Sorrento collection, Belluno collection, and Fiori collection.

51. Plaintiff became aware that Defendant was advertising and selling lighting fixtures nearly identical to the Sorrento collection without Plaintiff's authorization at the very least through Defendant's website. Given the distinct nature of Plaintiff's Sorrento collection and the striking similarities between Plaintiff's products and Defendant's products, on information and belief, Defendant copied Plaintiff's Sorrento collection.

52. On or about December 29, 2025, Plaintiff sent Defendant a demand letter putting Defendant on notice of Plaintiff's intellectual property rights in the Sorrento collection, including

its trademarks, trade dress and copyrights, and demanding that it cease and desist from infringement of said rights. Plaintiff requested that Defendant provide a response to the demand letter by January 5, 2026.

53. Plaintiff sent follow-up correspondence to Defendant on January 6, 2026, and again on January 7, 2026. To date, no reply from Defendant has been forthcoming.

54. Plaintiff has become aware that Defendant has been advertising and selling lighting fixtures nearly identical to Plaintiff's Belluno and Fiori collections as well. Given the distinct nature of Plaintiff's Belluno and Fiori collections and the striking similarities between Plaintiff's products and Defendant's products, on information and belief, Defendant copied Plaintiff's Belluno and Fiori collections.

55. On or about January 8, 2026, Plaintiff became aware that Defendant intended to display, advertise and/or offer for sale Defendant's Infringing Products at the Lightovation lighting show to be held at the Dallas Market Center on January 10-13, 2026. Despite being put on actual notice of Plaintiff's rights and its infringing activities, Defendant and/or those operating in coordination with Defendant and/or with Defendant's knowledge, proceeded to display, advertise and/or offer for sale Defendant's Infringing Products at the Lightovation lighting show.

56. Defendant continues to engage in the reproduction, distribution, display, advertising, offering for sale, and/or sale of Defendant's Infringing Products throughout the United States including this jurisdiction, notwithstanding being put on actual notice of Plaintiff's rights and its infringing activities.

**COUNT I**
**Copyright Infringement under the Copyright Act**
**(17 U.S.C. § 501(a))**

57. Plaintiff re-alleges the allegations contained in Paragraphs 1 through 56, as though fully set forth herein.

58. Plaintiff is the owner of the copyrights to the works set forth in Exhibits B, E, and H hereto and the corresponding copyright registrations for the same, namely the U.S. Registered Sorrento Work, the U.S. Registered Belluno Work, and the U.S. Registered Fiori Work (hereinafter referred to collectively as the "**U.S. Registered Works**").

59. Among other rights afforded to Plaintiff by the U.S. Copyright Act, Plaintiff has the exclusive right to reproduce, distribute, and display the U.S. Registered Works, and to create derivatives thereof.

60. Upon information and belief, Defendant has actual notice of the Plaintiff's rights in and to the U.S. Registered Works.

61. Defendant has had access to Plaintiff's U.S. Registered Works through at least the advertising and display of Plaintiff's U.S. Registered Works on Plaintiff's publicly available website at https://libandco.com/, and otherwise evidenced by the striking similarity of Defendant's Infringing Products to Plaintiff's U.S. Registered Works.

62. Defendant, without Plaintiff's permission, has knowingly and willfully reproduced, copied, displayed, advertised, distributed, offered to sell and/or sold Defendant's Infringing Products that embody light shades that are the same, or are at least substantially similar, to the U.S. Registered Works.

63. Defendant's unlawful and willful actions constitute infringement of one or more of Plaintiff's rights in the U.S. Registered Works pursuant to U.S. Copyright law, including but not limited to the rights provided to Plaintiff pursuant to 17 U.S.C. § 106, in violation of 17 U.S.C. § 501(a).

64. Defendant's infringement of the U.S. Registered Works has caused substantial and irreparable harm to Plaintiff and unless enjoined, Defendant will continue to cause substantial and irreparable harm to Plaintiff for which Plaintiff has no adequate remedy at law.

65. Plaintiff is therefore entitled to injunctive relief under 17 U.S.C. § 502, Plaintiff's actual damages, and Defendant's profits in an amount to be proven at trial, as well as enhanced discretionary damages or, in the alternative, statutory damages for willful copyright infringement of up to $150,000 per infringement under 17 U.S.C. § 504, and reasonable attorneys' fees and costs under 17 U.S.C. § 505.

## COUNT II
## Trademark Infringement, False Association, and Unfair Competition
## Lanham Act Section 43(a) (15 U.S.C. § 1125(a))

66. Plaintiff repeats and realleges paragraphs 1 through 65 of this Complaint, as if fully set forth herein.

67. Plaintiff is the owner of trademark and trade dress rights in its Sorrento, Belluno and Fiori collections, including without limitation the Sorrento Marks, the Belluno Marks, and Fiori Marks defined herein (the "**Marks**").

68. Plaintiff's Sorrento Trade Dress, Belluno Trade Dress and Fiori Trade Dress are non-functional and inherently distinctive or, in the alternative, have acquired distinctiveness through Plaintiff's longstanding and exclusive use of the trade dress in connection with its goods in U.S. commerce.

69. Without the authorization or consent of Plaintiff, Defendant has used and continues to use trademarks, trade dress and/or designations that are identical, confusingly similar to, and/or a reproduction, copy or colorable imitation of one or more of the Marks.

70. Defendant, by and through its manufacture, production, marketing, advertising, offering for sale and/or sale of Defendant's Infringing Products in U.S. commerce, is directly competing with Plaintiff's sales, distribution, and advertisement of the very same or similar goods and under and through one or more of the Marks.

71. Defendant's Infringing Products are nearly identical or at the very least confusingly similar to Plaintiff's products that feature the Marks.

72. Defendant's unauthorized use of trademarks, trade dress and/or designations that are identical and/or confusingly similar to one or more of Plaintiff's Marks in connection with Defendant's Infringing Products, which are identical and/or highly related goods, is likely to cause confusion, mistake, and/or deception among the general public as to the origin of the goods, or as to whether Defendant is sponsored by, affiliated with, originated from or otherwise connected with Plaintiff, in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. §1125(a).

73. Defendant's infringement of Plaintiff's rights conferred pursuant to the U.S. Lanham Act has caused and continues to cause Plaintiff commercial and financial harm, including but not limited to lost profits.

74. Defendant's infringement of Plaintiff's rights conferred pursuant to the U.S. Lanham Act has caused and continues to cause harm to Plaintiff including but not limited to harm to its goodwill and reputation.

75. Defendant's infringement of Plaintiff's rights conferred pursuant to the U.S. Lanham Act has caused and continues to cause Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law.

76. As a result of Defendant's infringement of Plaintiff's rights conferred pursuant to the U.S. Lanham Act, Plaintiff has suffered actual damages in an amount to be proven at trial.

77. Plaintiff is entitled to the full range of relief available under the Lanham Act, 15 U.S.C. § 1117, including, without limitation, an award of actual damages and the disgorgement of Defendant's profits arising from their false, misleading, or unfair acts.

**COUNT III**
**Unfair Competition Under New York State Common Law**

78. Plaintiff repeats and realleges paragraphs 1 through 77 of this Complaint, as if fully set forth herein.

79. Plaintiff is the owner of all rights in the Marks, including the Sorrento Marks, the Belluno Marks, and Fiori Marks defined herein.

80. Plaintiff's Sorrento Trade Dress, Belluno Trade Dress and Fiori Trade Dress are non-functional and inherently distinctive or, in the alternative, have acquired distinctiveness through Plaintiff's longstanding and exclusive use of the trade dress in connection with its goods in U.S. commerce.

81. Defendant has unfairly competed, and is unfairly competing, with Plaintiff by using the Marks, or marks highly and/or confusingly similar to the aforementioned Marks, to create and sell counterfeit and infringing products with knowledge of Plaintiff's rights in the Marks.

82. Defendant's intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Plaintiff, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

83. Defendant's aforesaid conduct constitutes common law unfair competition under New York common law.

84. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury, and will continue to deceive the public.

85. Plaintiff has no adequate remedy at law.

## COUNT IV
## Trademark Infringement Under New York State Common Law

86. Plaintiff repeats and realleges paragraphs 1 through 85 of this Complaint, as if fully set forth herein.

87. Plaintiff is the owner of all rights in the Marks, including the Sorrento Marks, the Belluno Marks, and Fiori Marks defined herein.

88. Plaintiff's Sorrento Trade Dress, Belluno Trade Dress and Fiori Trade Dress are non-functional and inherently distinctive or, in the alternative, have acquired distinctiveness through Plaintiff's longstanding and exclusive use of the trade dress in connection with its goods in U.S. commerce.

89. Without the authorization or consent of Plaintiff, Defendant has used and continues to use trademarks, trade dress and/or designations that are identical or confusingly similar to one or more of the Marks, with knowledge of Plaintiff's prior rights in the Marks, and Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported counterfeit and infringing products under and/or bearing the Marks or marks highly and/or confusingly similar to the Marks intentionally and in bad faith.

90. Defendant's intentional and willful conduct is likely to cause confusion, cause mistake, and/or deceive as to the affiliation, connection, or association between Defendant and Plaintiff, and/or as to Plaintiff's sponsorship or approval of Defendant's goods, services, and/or commercial activities.

91. Defendant's aforesaid conduct constitutes common law trademark infringement under New York common law.

92. Defendant's aforesaid conduct has caused, and unless enjoined by this Court, will continue to cause, Plaintiff to sustain irreparable damage, loss, and injury.

93. Plaintiff has no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order and enter judgment in Plaintiff's favor as follows:

i. The Court enter judgment that Defendant has infringed Plaintiff's intellectual property rights.

ii. The Court enter judgment that Defendant has willfully infringed Plaintiff's intellectual property rights. The Court enter judgment that Defendant unfairly competed with Plaintiff in violation of the common law of the state of New York.

iii. The Court enter judgment that Defendant's conduct set forth herein constitutes common law trademark infringement in violation of New York State law.

iv. Immediately, preliminarily, and permanently enjoin Defendant, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on their behalf or in active concert or in participation with them, from using Plaintiff's U.S. Registered Works or any substantially similar variation thereof, in connection with any of the enumerated list of exclusive rights conferred to Plaintiff under the U.S. Copyright Act including those pursuant to 17 U.S.C. § 106.

v. Immediately, preliminarily, and permanently enjoin Defendant, and all persons acting in concert with them, including without limitation their officers, directors, employees, contractors, and all affiliates and any and all current or potential business partners, and all persons purporting to act on their behalf or in active concert or in participation with them, from using Plaintiff's Marks or any confusingly similar variation thereof, as a trademark, service mark or other source identifying indicia.

vi. Order Defendant to immediately collect and provide to the Plaintiff, at Defendant's sole and exclusive expense, any and all inventory and versions of the Defendant's Infringing Products, or any substantially similar works, in its possession, custody or control.

vii. Order Defendant to immediately prepare and provide to Plaintiff, at Defendant's sole and exclusive expense, a report and accounting of all uses, distributions, and revenue realized, or that Defendant expects to realize, related to or derived from the Defendant's Infringing Products.

viii. Enter judgment in favor of Plaintiff on each and every count asserted herein and award Plaintiff all monetary damages caused by the acts forming the basis of this Complaint, including, without limitation, Plaintiff's actual damages, Defendant's profits and other damages as alleged herein.

ix. In the alternative, if elected by Plaintiff within the applicable time period, to the extent applicable, award statutory damages to Plaintiff pursuant to 17 U.S.C. § 504(c) due to Defendant's willful, knowing, and intentional infringement of the U.S. Registered Works.

x. Order Defendant to pay Plaintiff the costs of this action and Plaintiff's reasonable attorneys' fees and expenses pursuant to 15 U.S.C. § 1117(a), 17 U.S.C. § 505, and any other applicable statutes or authority.

xi. Award Plaintiff such further relief as the Court deems just, proper, and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.

Dated: July 1, 2026

**NIXON PEABODY LLP**

By: ____________________

Paul F. Downs, Esq.
55 West 46th Street
New York, New York 10036
T: (212) 940-3029
F: (646) 603-3480
pdowns@nixonpeabody.com

*Attorney for Plaintiff, LIB & Co. Inc.*