**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIB & CO. INC.,<br><br>Plaintiff,<br><br>v.<br><br>BETHEL INTERNATIONAL,<br><br>Defendant. | Case No. 1:26-cv-01780-LDH-LKE<br><br>Hon. LaShann DeArcy Hall |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

Dated: November 16, 2026

**NIXON PEABODY LLP**
Michael Gray
70 West Madison Street, Suite 5200
Chicago, IL 60602-4378
(213) 684-3529
mgray@nixonpeabody.com
*Attorneys for Plaintiff LIB & Co. Inc.*

# TABLE OF CONTENTS

**Page**


I. PRELIMINARY STATEMENT ..... 1

II. STATEMENT OF FACTS ..... 2

  A. Plaintiff and the Registered Works ..... 2

  B. Plaintiff's Trade Dress ..... 3

  C. Bethel's Infringing Conduct ..... 3

III. LEGAL STANDARD ..... 4

IV. ARGUMENT ..... 5

  **A.** PLAINTIFF CONSENTS TO DISMISSAL OF THE FIORI CLAIMS ..... 5

  **B.** U.S. COPYRIGHT LAW GOVERNS, AND BETHEL'S FORUM NON CONVENIENS RESERVATION PROVIDES NO BASIS FOR DISMISSAL ..... 5

    1. U.S. Law Governs Every Question Presented ..... 5

    2. Bethel Has Not Moved on Forum Non Conveniens, and *Paulo* Is Inapposite ..... 5

  **C.** THE FAC STATES A CLAIM FOR COPYRIGHT INFRINGEMENT ..... 6

    1. The Registrations Establish Ownership, Validity, and Separability ..... 6

    2. The FAC Pleads the Acts and Timing of Infringement ..... 8

    3. Plaintiff's Claims Are Confined to the Deposited Works, Which Are Before the Court ..... 9

    4. The FAC Plausibly Alleges Actual Copying ..... 10

    5. The FAC Plausibly Alleges Substantial Similarity ..... 12

    6. The Court Should Not Strike Plaintiff's Request for Statutory Damages and Attorney's Fees ..... 13

  **D.** THE FAC STATES CLAIMS FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION ..... 15

    1. The FAC Precisely Articulates Plaintiff's Trade Dress ..... 15

    2. The FAC Plausibly Alleges Non-Functionality ..... 16

    3. The FAC Plausibly Alleges Secondary Meaning ..... 20

    4. The FAC Plausibly Alleges Likelihood of Confusion ..... 21

    5. The New York Common Law Claims Are Adequately Pleaded ..... 22

  **E.** IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND ..... 25

V. CONCLUSION ..... 25

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*,
487 F. App'x 627 (2d Cir. 2012) .......... 1, 8, 25

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 4

*Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*,
554 F. Supp. 3d 606 (S.D.N.Y. 2020) .......... 16, 21

*Brandir Int'l, Inc. v. Cascade Pac. Lumber Co.*,
834 F.2d 1142 (2d Cir. 1987) .......... 18

*Braun Inc. v. Dynamics Corp. of Am.*,
975 F.2d 815 (Fed. Cir. 1992) .......... 20

*Bubble Genius LLC v. Smith*,
239 F. Supp. 3d 586 (E.D.N.Y. 2017) .......... 20

*Canadian Standards Ass'n. v. P.S. Knight Co.*,
112 F.4th 298 (5th Cir. 2024) .......... 144

*Car-Freshner Corp. v. Am. Covers, LLC*,
980 F.3d 314 (2d Cir. 2020) .......... 21

*Cardinal Motors, Inc. v. H&H Sports Prot. USA Inc.*,
128 F.4th 112 (2d Cir. 2025) .......... 2, 15 15

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
11 F. Supp. 3d 317 (E.D.N.Y. 2014) .......... 19

*Cates v. Schlemovitz, No. 3:21-cv-00805*,
2023 WL 6200196, 2024 WL 4356403 (N.D.N.Y. Sept. 22, 2023) .......... 1

*Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*,
696 F.3d 206 (2d Cir. 2012) .......... **Error! Bookmark not defined.**, 19

*Clanton v. UMG Recordings, Inc.*,
556 F. Supp. 3d 322 (S.D.N.Y. 2021) .......... 11

*Cold Spring Harbor Constr., Inc. v. Cold Spring Builders, Inc.*,
45 Misc. 3d 1222(A), 2014 N.Y. Slip Op. 51688(U) (Sup. Ct. Suffolk Cnty. Nov. 20, 2014) ........ 23

*Cole v. John Wiley & Sons, Inc.*,
2012 WL 3133520 (S.D.N.Y. Aug. 1, 2012) ........ 8, 8, 25

*Concannon v. LEGO Sys., Inc.*,
2023 WL 2526637 (D. Conn. Mar. 15, 2023) ........ 16, 20, 22

*DigitAlb, Sh.a v. Setplex, LLC*,
284 F. Supp. 3d 547 (S.D.N.Y. 2018) ........ 6

*Elektra Ent. Grp., Inc. v. Schwartz*,
2008 WL 906737 (E.D.N.Y. Apr. 1, 2008) ........ 9

*Eliya, Inc. v. Steven Madden, Ltd.*,
749 F. App'x 43 (2d Cir. 2018) ........ 18, 22

*Forschner Grp., Inc. v. Arrow Trading Co.*,
124 F.3d 402 (2d Cir. 1997) ........ 19, 23

*Fortgang v. Pereiras Architects Ubiquitous LLC*,
230 F. Supp. 3d 77 (E.D.N.Y. 2017) ........ 13

*Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*,
586 U.S. 296, 139 S. Ct. 881 (2019) ........ 15

*FullSend, Inc. v. Nelk, Inc.*,
2023 WL 2710593 (E.D.N.Y. Mar. 30, 2023) ........ 4, 13, 14, 17, 21

*Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*,
111 F.3d 993 (2d Cir. 1997) ........ 19

*Gaste v. Kaiserman*,
863 F.2d 1061 (2d Cir. 1988) ........ 10, 11

*Gen. Petroleum GmbH v. Stanley Oil & Lubricants, Inc.*,
2024 WL 4143535 (E.D.N.Y. Sept. 11, 2024) ........ 10

*Goel v. Bunge, Ltd.*,
820 F.3d 554 (2d Cir. 2016) ........ 2

*Goswami v. Sweet Reason US Co.*,
2025 WL 917831 (E.D.N.Y. Mar. 25, 2025) ........ 14

*Hamil Am. Inc. v. GFI*,
193 F.3d 92 (2d Cir. 1999)........................................................................................ 6, 12

*Harlequin Enters. Ltd. v. Gulf & W. Corp.*,
644 F.2d 946 (2d Cir. 1981) ...................................................................................... 21, 24

*Hayuk v. Starbucks Corp.*,
157 F. Supp. 3d 285 (S.D.N.Y. 2016)............................................................................. 13

*Heller, Inc. v. Design Within Reach, Inc.*,
2009 WL 2486054 (S.D.N.Y. Aug. 14, 2009)................................................................. 16

*Heptagon Creations, Ltd. v. Core Grp. Mktg. LLC*,
2011 WL 6600267 (S.D.N.Y. Dec. 22, 2011) ........................................................... 18, 22

*ID7D Co. v. Sears Holding Corp.*,
2012 WL 1247329 (D. Conn. Apr. 13, 2012)................................................................. 18

*Int'l Leisure Prods., Inc. v. Funboy LLC*,
747 F. App'x 23 (2d Cir. 2018)....................................................................................... 19

*Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*,
146 F.3d 66 (2d Cir. 1998).................................................................................. 4, 14, 21

*Inwood Labs., Inc. v. Ives Labs., Inc.*,
456 U.S. 844 (1982)......................................................................................................... 18

*Itar-Tass Russian News Agency v. Russian Kurier, Inc.*,
153 F.3d 82 (2d Cir. 1998)................................................................................................. 5

*ITC Ltd. v. Punchgini, Inc.*,
9 N.Y.3d 467, 880 N.E.2d 852 (2007)............................................................................. 24

*Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*,
58 F.3d 27 (2d Cir. 1995)................................................................................................. 19

*Jetmax Ltd. v. Big Lots, Inc.*,
No. 15-cv-9597, 2017 WL 3726756 (S.D.N.Y. Aug. 28, 2017)........................................ 7

*Jorgensen v. Epic/Sony Records*,
351 F.3d 46 (2d Cir. 2003)...................................................................... 6, 6, 10, 10, 12

*Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*,
808 F. Supp. 2d 542 (S.D.N.Y. 2011)................................................................................ 8

*Kelly v. L.L. Cool J.*,
145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd mem.*, 23 F.3d 398 (2d Cir. 1994).......................... 8

*Klauber Bros., Inc. v. QVC, Inc.*,
No. 19-cv-09321, 2020 WL 7029088 (S.D.N.Y. Nov. 30, 2020)................................... 10

*Kramer Mfg. Co. v. Andrews*,
783 F.2d 421 (4th Cir. 1986) ........................................................................... 20

*Kramer v. Time Warner Inc.*,
937 F.2d 767 (2d Cir. 1991)................................................................................ 4

*Lego A/S v. Zuru Inc.*,
No. 24-634-cv, 2025 WL 915027 (2d Cir. Mar. 26, 2025)............................................ 13

*Lipton v. Nature Co.*,
71 F.3d 464 (2d Cir. 1995)................................................................................ 10

*Louis Vuitton Malletier v. Dooney & Bourke, Inc.*,
454 F.3d 108 (2d Cir. 2006)............................................................................... 22

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*,
922 F.3d 946 (9th Cir. 2019) .................................................................. 10, 11, 25

*Mana Prods., Inc. v. Columbia Cosmetics Mfg., Inc.*,
65 F.3d 1063 (2d Cir. 1995)........................................................................ 20, 21

*McCarthy v. Dun & Bradstreet Corp.*,
482 F.3d 184 (2d Cir. 2007)................................................................................ 4

*McGregor-Doniger Inc. v. Drizzle Inc.*,
599 F.2d 1126 (2d Cir. 1979).............................................................................. 22

*Merck & Co. v. Mediplan Health Consulting, Inc.*,
425 F. Supp. 2d 402 (S.D.N.Y. 2006).................................................................. 211

*Montblanc-Simplo GmbH v. Colibri Corp.*,
692 F. Supp. 2d 245 (E.D.N.Y. 2010) ................................................................ 166

*Nano Dimension Ltd. v. Murchinson Ltd.*,
681 F. Supp. 3d 168 (S.D.N.Y. 2023) .................................................................. 14

*Nat'l Lighting Co. v. Bridge Metal Indus., LLC*,
601 F. Supp. 2d 556 (S.D.N.Y. 2009)................................................... 15, 24, 24

*Netherlands Shipmortgage Corp. v. Madias*,
717 F.2d 731 (2d Cir. 1983)........................................................................................ 24

*Nicholls v. Tufenkian Import/Export Ventures, Inc.*,
367 F. Supp. 2d 514 (S.D.N.Y. 2005)........................................................................ 10, 11

*O'Keefe v. Ogilvy & Mather Worldwide, Inc.*,
590 F. Supp. 2d 500 (S.D.N.Y. 2008)........................................................................ 11

*Omicron Capital, LLC v. Omicron Capital, LLC*,
433 F. Supp. 2d 382 (S.D.N.Y. 2006)........................................................................ 23

*Paulo v. Agence France-Presse*,
2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023) ............................................................ 5, 6

*PaySys Int'l, Inc. v. Atos SE*,
226 F. Supp. 3d 206 (S.D.N.Y. 2016)........................................................................ 9

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
602 F.3d 57 (2d Cir. 2010)........................................................................................ 12, 13

*Piuggi v. Good for You Prods. LLC*,
739 F. Supp. 3d 143 (S.D.N.Y. 2024)........................................................................ 10

*R.F.M.A.S., Inc. v. Mimi So*,
619 F. Supp. 2d 39 (S.D.N.Y. 2009).......................................................................... 16

*Richardson v. Commerce Media Holdings, LLC*,
2025 WL 1938705 (S.D.N.Y. July 15, 2025) ............................................................. 9

*Ritani, LLC v. Aghjayan*,
880 F. Supp. 2d 425 (S.D.N.Y. 2012)........................................................................ 13, 25

*Salahuddin v. Cuomo*,
861 F.2d 40 (2d Cir. 1988)..............................................**Error! Bookmark not defined.**

*Scheuer v. Rhodes*,
416 U.S. 232 (1974) .................................................................................................... 4

*Schroeder v. Pinterest Inc.*,
133 A.D.3d 12 (1st Dep't 2015) ................................................................................ 22

*Spanski Enters., Inc. v. Telewizja Polska, S.A.*,
883 F.3d 904 (D.C. Cir. 2018) ................................................................................... 6

*Sports Traveler, Inc. v. Advance Mag. Publishers, Inc.*,
25 F. Supp. 2d 154 (S.D.N.Y. 1998)........................................................................ 21

*Star Athletica, L.L.C. v. Varsity Brands, Inc.*,
580 U.S. 405, 137 S. Ct. 1002 (2017)................................................................. 7, 8

*Steele v. Bell*,
2014 WL 1979227 (S.D.N.Y. Mar. 28, 2014) ........................................................ 14

*Structured Asset Sales, LLC v. Sheeran*,
120 F.4th 1066 (2d Cir. 2024) ............................................................................... 9

*System1 Rsch. Ltd. v. System1 LLC*,
2022 WL 4585735 (S.D.N.Y. Sept. 29, 2022)........................................................ 21, 21

*Telebrands Corp. v. Del Labs., Inc.*,
719 F. Supp. 2d 283 (S.D.N.Y. 2010)..................................................................... 13

*Tentandtable.com, LLC v. Aljibouri*,
2025 WL 959656 (W.D.N.Y. Mar. 31, 2025)........................................................... 15

*The Name LLC v. Arias*,
2010 WL 4642456 (S.D.N.Y. Nov. 16, 2010) .......................................................... 6

*Tracey Tooker & TT Ltd., Inc. v. Whitworth*,
212 F. Supp. 3d 429 (S.D.N.Y. 2016)..................................................................... 16

*Troll Co. v. Uneeda Doll Co.*,
483 F.3d 150 (2d Cir. 2007).................................................................................. 144

*United States ex rel. Foreman v. AECOM*,
19 F.4th 85 (2d Cir. 2021) ............................................................................ 4, 12, 14

*Update Art, Inc. v. Modiin Publ'g, Ltd.*,
843 F.2d 67 (2d Cir. 1988)..................................................................................... 14

*Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
2013 WL 866867 (S.D.N.Y. Mar. 8, 2013) ............................................................. 20

*Villager Pond, Inc. v. Town of Darien*,
56 F.3d 375 (2d Cir. 1995)...................................................................................... 4

*Villeroy & Boch Keramische Werke K.G. v. THC Sys., Inc.*,
999 F.2d 619 (2d Cir. 1993)................................................................................... 19

*Wal-Mart Stores, Inc. v. Samara Bros., Inc.*,
529 U.S. 205 (2000) ... 20

*Wallace Int'l Silversmiths, Inc. v. Godinger Silver Art Co.*,
916 F.2d 76 (2d Cir. 1990) ... 19

*Wolstenholme v. Hirst*,
271 F. Supp. 3d 625 (S.D.N.Y. 2017) ... 12

*Wonderful Co. LLC v. Nut Cravings Inc.*,
*2022 WL 4585344 (S.D.N.Y. Sept. 29, 2022), vacated, No. 23-7540-cv, 2025 WL 212064 (2d Cir. Jan. 16, 2025)* ... 21

*Wonderful Co. LLC v. Nut Cravings Inc.*,
2025 WL 212064 (2d Cir. Jan. 16, 2025) ... 2, 16, 21, 21, 22

*Yurman Design, Inc. v. PAJ, Inc.*,
262 F.3d 101 (2d Cir. 2001) ... 12, 16

*Zip Int'l Grp., LLC v. Trilini Imps., Inc.*,
2010 WL 648696 (E.D.N.Y. Feb. 22, 2010) ... 23

**STATUTES**

15 U.S.C. § 1125 ... 16

17 U.S.C. § 101 ... 7

17 U.S.C. § 106 ... 9

17 U.S.C. § 410 ... 6, 12

17 U.S.C. § 412 ... 9, 13, 14

17 U.S.C. § 504(c)(1) ... 15

28 U.S.C. § 1367 ... 24

N.Y. Bus. Corp. Law § 1312(a) ... 2, 4

**REGULATIONS**

Title 37 C.F.R. § 2.52 ... 15, 17

**FEDERAL RULES**

Fed. R. Civ. P. 8 .......... 1, 9

Fed. R. Civ. P. 12 .......... 1, 14

Fed. R. Civ. P. 15 .......... 25

## I. PRELIMINARY STATEMENT

Plaintiff LIB & Co. Inc. ("LIB & Co." or "Plaintiff") submits this memorandum in opposition to the motion of Defendant 1193505 Ontario Ltd. d/b/a Bethel International ("Bethel") to dismiss the First Amended Complaint (ECF No. 13) ("FAC") under Fed. R. Civ. P. 12(b)(6).

Bethel's motion asks the Court to weigh evidence, resolve fact disputes, and credit Bethel's declarations over the FAC. Plaintiff owns U.S. Copyright Registrations VA 2-473-116 (the "Sorrento Work") and VA 2-473-120 (the "Belluno Work") (together, the "Registered Works"), effective December 22, 2025, for the sculptural features of its light shades. Each certificate records the United States as the nation of first publication and reflects the Copyright Office's determination that the registered features are "[s]culptural features identified separately from and capable of existing independently of the utilitarian aspects of a useful article." FAC Exs. B, E. The FAC attaches the certificates and deposits, identifies the sculptural forms, provides side-by-side comparisons, and alleges that Bethel ignored a written demand and two follow-ups, then displayed the accused products at a major U.S. trade show and continues to sell them nationwide. FAC ¶¶ 10, 12–14, 23, 25–27, 52–56. Rule 8 requires no more.

Bethel's new arguments do not change that. Its lead useful-article case, *Aqua Creations USA Inc. v. Hilton Worldwide, Inc.*, 487 F. App'x 627 (2d Cir. 2012) (summary order), involved lamps that had been *refused* registration and a complaint that did not "even identify what [the separable] elements are." *Id.* at 628–29. Bethel's deposit-copy cases involve a 1909 Act musical composition (*Sheeran*) and mid-litigation supplementary registrations that tried to expand software deposits (*PaySys*). The 1909 Act and musical works are irrelevant to the present facts, and Plaintiff is not seeking to enlarge any allegations. And Bethel's access argument ignores the striking similarity pleaded and the parties' status as direct competitors in the same U.S. channels.

On trade dress, the FAC defines the claimed forms in writing and in drawings, disclaiming everything else. FAC ¶¶ 6, 19. That suffices under *Cardinal Motors, Inc. v. H&H Sports Prot. USA Inc.*, 128 F.4th 112, 121–26 (2d Cir. 2025), and the Second Circuit recently vacated the very district court dismissal Bethel cites as "routinely" granted. *Compare* Def. Mem. at 23, *with Wonderful Co. LLC v. Nut Cravings Inc.*, No. 23-7540-cv, 2025 WL 212064, at *2–4 (2d Cir. Jan. 16, 2025) (summary order) (vacating order cited by Bethel).

Finally, Bethel's challenges to statutory damages and fees, its N.Y. Bus. Corp. Law § 1312(a) argument, and its New York goodwill argument all depend on matters outside the pleadings—a December 18, 2024 letter from Plaintiff's Canadian counsel concerning Canadian registrations, its declarants' assertions, and promised invoices. Def. Mem. at 14 & n.7. The declarations and exhibits included with Bethel's motion are outside the pleadings and should be ignored by the Court when deciding the motion. *Goel v. Bunge, Ltd.*, 820 F.3d 554, 558– 60 (2d Cir. 2016). Plaintiff consents to dismissal of the Fiori claims without prejudice; the motion should otherwise be denied or, alternatively, leave to amend granted.

## II. STATEMENT OF FACTS

### A. Plaintiff and the Registered Works

Plaintiff, a Canadian corporation, manufactures, distributes, markets, and sells lighting fixtures. FAC ¶¶ 1, 44. The remaining claims concern its Sorrento and Belluno collections, used continuously in U.S. commerce since at least March 17, 2023. FAC ¶¶ 2–28; *see id.* ¶¶ 5, 18.

Plaintiff owns U.S. Copyright Reg. Nos. VA 2-473-116 for the "Sorrento Light Shade" and No. VA 2-473-120 for the "Belluno Light Shade." FAC ¶¶ 10, 23; Exs. B, E. Each certificate identifies a sculpture first published in the United States on January 31, 2023, with an effective date of December 22, 2025, registered on the basis of "[s]culptural features identified separately from and capable of existing independently of the utilitarian aspects of a useful article." FAC Exs.

B, E. The Sorrento registration disclaims the "[b]ulb-retaining hook affixed to the interior of the lamp shade." FAC Ex. B. The FAC attaches the deposit photographs. FAC ¶¶ 10, 23; Exs. B, E.

**B. Plaintiff's Trade Dress**

The Sorrento Trade Dress is a configuration of individual fixtures "featuring a linear side with extended portions appearing to be folded onto one another with wavy edges." FAC ¶ 6. The Belluno Trade Dress features "a tulip shape with three petals pinched in the middle and opened at the top." FAC ¶ 19. Each is depicted in a drawing in which "the matter shown in dotted lines is not part of the trade dress." FAC ¶¶ 6, 19. Each is alleged to be non-functional and to have acquired distinctiveness through substantial U.S. sales, U.S. advertising "under the" trade dress, hundreds of well-known U.S. retailers, unsolicited U.S. media coverage "featuring the" trade dress, and third-party copying. FAC ¶¶ 7–9, 20–22.

**C. Bethel's Infringing Conduct**

Bethel, a direct competitor of Plaintiff, FAC ¶ 70, sells fixtures with shades "identical, or at least substantially similar," to the Registered Works and "nearly identical" to Plaintiff's collections. FAC ¶¶ 12, 25, 51, 54. The FAC sets out side-by-side comparisons and attaches captures of Bethel's website dated March 10 and 20, 2026, after registration. FAC ¶¶ 14, 27; Exs. C, F. Bethel's catalog advertises showrooms in High Point, Dallas, Atlanta, and Toronto. FAC Ex. C. Bethel had access to Plaintiff's copyright works through, at a minimum, Plaintiff's website, and the striking similarity independently evidences copying. FAC ¶¶ 13, 26.

On December 29, 2025, Plaintiff sent Bethel a demand letter asserting its rights in the Sorrento collection; Bethel ignored it and Plaintiff's follow-ups on January 6 and 7, 2026. FAC ¶¶ 52–53. Plaintiff then learned that Bethel was also selling near-copies of the Belluno collection and, on January 8, that Bethel intended to display the accused products at the Lightovation show at the Dallas Market Center on January 10–13, 2026, which it did despite having been put on notice of

Plaintiff's rights. FAC ¶¶ 54–55. Bethel continues to sell the accused products throughout the United States, including in this District, knowingly and in bad faith. FAC ¶¶ 43, 56, 81, 89.

## III. LEGAL STANDARD

A complaint survives if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court accepts the allegations as true and draws all reasonable inferences for Plaintiff. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

The Court is limited to the complaint, documents attached, incorporated, or integral to it, and judicially noticeable matters. *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991). A document is integral only if the plaintiff relied on its terms in drafting; "mere notice or possession is not enough," and a court "errs when it consider[s] affidavits and exhibits submitted by defendants." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106–07 (2d Cir. 2021) (citation omitted). That a document "undermines the strength of [plaintiff's] claims" does not make it integral. *Id.* at 108. Even a noticed document is considered only for its existence, "not for the truth of the matters asserted." *Int'l Star Class Yacht Racing Ass'n v. Tommy Hilfiger U.S.A., Inc.*, 146 F.3d 66, 70 (2d Cir. 1998) (citation omitted); *see also FullSend, Inc. v. Nelk, Inc.*, No. 21-cv-5639, 2023 WL 2710593, at *3 (E.D.N.Y. Mar. 30, 2023). FAC Exhibits B and E are before the Court; however, the Eom and Lichtman declarations and exhibits are not.

## IV. ARGUMENT

### A. PLAINTIFF CONSENTS TO DISMISSAL OF THE FIORI CLAIMS

Plaintiff agrees to dismiss without prejudice all claims based on the Fiori collection, Fiori Trade Dress, Fiori Marks, or U.S. Registered Fiori Work (FAC ¶¶ 29–41 and Counts I–IV insofar as they rely on those allegations), as it previously advised Bethel. Bethel's request, Def. Mem. at 7, is therefore moot, and the Court need not reach Bethel's unsupported assertion that the Fiori registration is "fraudulent," *id.*, which has no bearing on the Sorrento and Belluno registrations.

### B. U.S. COPYRIGHT LAW GOVERNS, AND BETHEL'S FORUM NON CONVENIENS RESERVATION PROVIDES NO BASIS FOR DISMISSAL

#### 1. U.S. Law Governs Every Question Presented

Bethel relegates its Canadian-law argument to a footnote and "assume[s] that U.S. copyright law applies solely for purposes of this motion." Def. Mem. at 8 n.3. The argument fails regardless. Plaintiff asserts only U.S. registrations and seeks relief only for U.S. infringement. FAC ¶¶ 10, 23, 43, 55–56. Under *Itar-Tass Russian News Agency v. Russian Kurier, Inc.*, 153 F.3d 82, 90–91 (2d Cir. 1998), U.S. law governs infringement here, and ownership looks to the country with the most significant relationship to the work—ordinarily the country of first publication. Bethel itself describes *Itar-Tass* as applying Russian law because the works were "first published in Russia." Def. Mem. at 8 n.3. The Registered Works were first published in the United States. FAC Exs. B, E. Nothing in *Itar-Tass* suggests that a Canadian statute limiting remedies for mass-produced articles in Canada governs a U.S. registration enforced against U.S. infringement.

#### 2. Bethel Has Not Moved on Forum Non Conveniens, and *Paulo* Is Inapposite

Bethel's assertion that "there is no reason for this case to be in the U.S. at all," and its reservation of rights under *Paulo v. Agence France-Presse*, 2023 WL 2707201 (S.D.N.Y. Mar. 30, 2023), Def. Mem. at 8 n.3, present no ground for dismissal. Bethel has not moved on that basis, and a movant bears the burden of showing an adequate alternative forum; "[i]f there is no adequate

alternative forum, the inquiry ends." *DigitAlb, Sh.a v. Setplex, LLC*, 284 F. Supp. 3d 547, 562–63 (S.D.N.Y. 2018) (internal citations omitted).

Nor would *Paulo* help Bethel. That case had "little to do with New York and a lot to do with Portugal," turning on "the ownership rights of a Portuguese photographer, under Portuguese law, with respect to photographs he took in Portugal and around the world – but not in the United States." 2023 WL 2707201, at *1–2 (citation omitted). The plaintiff had agreed to a Portuguese forum-selection clause, had twice litigated the dispute in Portugal, and his evidence was there. *Id.* at *7–12. Here, the works were first published in the United States (FAC Exs. B at 1, E at 1), the registrations are U.S. registrations, there is no foreign agreement or forum clause, ownership is undisputed on this motion, and the accused conduct—nationwide sales, U.S. showrooms, and display at Lightovation—occurred here. FAC ¶¶ 43, 55–56; Exs. B, C, E.

Courts in the Southern District of New York have "declined to dismiss cases pursuant to forum non conveniens where plaintiff asserts U.S. trademark or copyright claims." *The Name LLC v. Arias*, 2010 WL 4642456, at *7 (S.D.N.Y. Nov. 16, 2010) (citation omitted). A foreign defendant that directs infringing conduct into the United States commits a domestic violation of the Copyright Act. *Spanski Enters., Inc. v. Telewizja Polska, S.A.*, 883 F.3d 904, 914–16 (D.C. Cir. 2018). And even a foreign plaintiff's choice of forum receives substantial deference where, as here, the action has a bona fide connection to the forum. *DigitAlb*, 284 F. Supp. 3d at 561–62.

### C. THE FAC STATES A CLAIM FOR COPYRIGHT INFRINGEMENT

A plaintiff must allege (1) ownership of a valid copyright and (2) copying of original elements. *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 51 (2d Cir. 2003). The FAC does both.

#### 1. The Registrations Establish Ownership, Validity, and Separability

A registration certificate "constitutes prima facie evidence of the valid ownership of a copyright." *Id.*; *see* 17 U.S.C. § 410(c); *Hamil Am. Inc. v. GFI*, 193 F.3d 92, 98 (2d Cir. 1999).

Plaintiff registered both works within five years of publication, FAC Exs. B, E, and Bethel assumes for this motion that Plaintiff holds protectable copyrights. Def. Mem. at 8.[1]

The registrations also answer Bethel's useful-article argument. Copyright protects sculptural features of a useful article that "can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article." 17 U.S.C. § 101. Under *Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 580 U.S. 405, 137 S. Ct. 1002 (2017), a feature is protectable if it "(1) can be perceived as a two- or three-dimensional work of art separate from the useful article and (2) would qualify as a protectable pictorial, graphic, or sculptural work . . . if it were imagined separately." 580 U.S. at 409. The first requirement "is not onerous," *id.* at 414, and the second does not require "the imagined remainder to be a fully functioning useful article at all," *id.* at 420. That is the basis on which the Copyright Office registered each work, FAC Exs. B, E, excluding the functional bulb hook from Sorrento, FAC Ex. B. Bethel concedes the registrations cover "solely . . . the '[s]culptural features'" of the shades. Def. Mem. at 10.

Applying *Star Athletica*, *Jetmax Ltd. v. Big Lots, Inc.*, No. 15-cv-9597, 2017 WL 3726756 (S.D.N.Y. Aug. 28, 2017), held that tear-shaped decorative covers on a light set were separable: the set "undoubtedly ha[d] three-dimensional decorative covers that ha[d] sculptural qualities," and "once the covers are removed, the remainder is a functioning but unadorned light string." *Id.* at *4–6. Any utilitarian role the covers played did not matter, because the remainder "need not 'be a fully functioning useful article at all.'" *Id.* at *6 n.2 (quoting *Star Athletica*, 580 U.S. at 420). So too here the folded, wavy-edged form (Sorrento) and the three-petal tulip form (Belluno) qualify as sculptures if imagined apart from the bulbs, sockets, wiring, and frames. This is confirmed by

[1] Bethel cannot pull in an issue by way of a footnote from a prior letter that it has not briefed. Bethel's footnote 3 should be disregarded to the extent it argues that Canadian law controls.

the Copyright Office's examination of Plaintiff's applications and its issuance of Certificate of Registration Nos. VA 2-473-116 (Sorrento) and VA 2-473-120 (Belluno), each registered on the basis of "[s]culptural features identified separately from and capable of existing independently of the utilitarian aspects of a useful article." FAC Exs. B, E.

*Aqua Creations* is not to the contrary. Its works were “unregistered, having been denied registration,” so no presumption applied, and the complaint did “not even identify what [the separable] elements are.” 487 F. App’x at 628–29. It also applied the physical/conceptual separability framework that *Star Athletica* abandoned. *Id.*; *Star Athletica*, 580 U.S. at 421-22. Each distinction cuts against Bethel. *Jovani Fashion, Ltd. v. Cinderella Divine, Inc.*, 808 F. Supp. 2d 542, 548 (S.D.N.Y. 2011), is likewise inapposite: that useful articles are “largely unprotected by the Copyright Act” says nothing about registered sculptural shades, and *Jovani* held only that the dress elements there were not separable.

**2. The FAC Pleads the Acts and Timing of Infringement**

Bethel argues that the FAC does not allege “by what acts during what time the defendant infringed.” Def. Mem. at 8 (quoting *Cole v. John Wiley & Sons, Inc.*, No. 11-cv-2090, 2012 WL 3133520, at *11 (S.D.N.Y. Aug. 1, 2012)). That formulation comes from *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 36–37 (S.D.N.Y. 1992), *aff’d mem.*, 23 F.3d 398 (2d Cir. 1994), which found it satisfied by allegations that two identified songs were published and distributed in 1991. The FAC does far more. It identifies the acts—reproduction, distribution, display, advertising, offering, and sale of specific accused products identified by SKU, FAC ¶¶ 12, 25; Exs. C, F; *see* Eom Decl. ¶¶ 4–5—and when and where they occurred: Bethel’s website on March 10 and 20, 2026; Lightovation on January 10–13, 2026, after the demand and follow-ups; and ongoing nationwide sales, including in this District. FAC ¶¶ 43, 52–56; Exs. C, F.

*Cole* dismissed claims as to photographs the plaintiff could not identify, supported only by the hope that discovery "will reveal evidence" of infringement in unspecified publications at unspecified times. 2012 WL 3133520, at *12–13. *Richardson v. Commerce Media Holdings, LLC*, 2025 WL 1938705, at *2–4 (S.D.N.Y. July 15, 2025), likewise involved a complaint silent on timing. Rule 8 does not require pleading every infringing act, which is "rightly the province of the discovery phase." *Elektra Ent. Grp., Inc. v. Schwartz*, 2008 WL 906737, at *3 (E.D.N.Y. Apr. 1, 2008) (citation omitted). Bethel's real objection—that the FAC does not allege when Bethel *first* sold the products, Def. Mem. at 8–9—is a § 412 remedies issue (Point III.F), not a pleading defect.

**3. Plaintiff's Claims Are Confined to the Deposited Works, Which Are Before the Court**

Bethel appears to argue that it can avoid infringement through providing a product that repeats the registered work in an overall product design. However, Bethel's products incorporate the work shown in the deposits and that work is repeated multiple times in a single product. Moreover, Bethel's products duplicate Plaintiff's copyrights so extensively that they violate Plaintiff's exclusive rights to create derivate works. 17 U.S.C. § 106.

Bethel's authorities are not to the contrary. For example, *Structured Asset Sales, LLC v. Sheeran*, 120 F.4th 1066, 1074–76 (2d Cir. 2024) construed the 1909 Act's "complete copy" requirement for musical compositions on summary judgment, while noting that the Act allowed a "photograph or other identifying reproduction" for "a work of art or a plastic work." *Id.* at 1075. That case does not apply to the facts here. And in *PaySys Int'l, Inc. v. Atos SE*, 226 F. Supp. 3d 206, 218–23 (S.D.N.Y. 2016), the court invalidated mid-litigation supplementary registrations that sought to expand eight deposited software files to thousands, but upheld the original registrations as to the deposited files. Plaintiff is not seeking to enlarge anything.

Bethel's other cases support Plaintiff. *Nicholls v. Tufenkian Import/Export Ventures, Inc.*, 367 F. Supp. 2d 514, 520 (S.D.N.Y. 2005), held that a registration extended to colorways consistent with the deposited design; only designs that "vary in essential respects from what was presented to the Copyright Office" fall outside it. And *Gen. Petroleum GmbH v. Stanley Oil & Lubricants, Inc.*, 2024 WL 4143535, at *18 (E.D.N.Y. Sept. 11, 2024), noted that courts allow copyright claims to survive a motion to dismiss without the deposit copy because "at the pleading stage, inclusion of copyright certificates along with an assertion that they pertain to the designs in question, is sufficient" (quoting *Klauber Bros., Inc. v. QVC, Inc.*, No. 19-cv-09321, 2020 WL 7029088, at *3 (S.D.N.Y. Nov. 30, 2020)). Plaintiff provided both.

**4. The FAC Plausibly Alleges Actual Copying**

Bethel contends that website availability does not plead access. Def. Mem. at 12–13. But where works are "so strikingly similar as to preclude the possibility of independent creation, copying may be proved without a showing of access." *Jorgensen*, 351 F.3d at 56 (quoting *Lipton v. Nature Co.*, 71 F.3d 464, 471 (2d Cir. 1995)); *accord Gaste v. Kaiserman*, 863 F.2d 1061, 1067–68 (2d Cir. 1988); *Piuggi v. Good for You Prods. LLC*, 739 F. Supp. 3d 143, 158 n.9 (S.D.N.Y. 2024). And "the stronger the proof of similarity, the less the proof of access is required." *Jorgensen*, 351 F.3d at 56 (citation omitted).

Thus "a plaintiff must separately plead access only when alleging substantial similarity, not when alleging striking similarity." *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946, 952 (9th Cir. 2019). *Malibu* found striking similarity pleaded through allegations of nearly identical elements arranged the same way and side-by-side images, noting that minor differences may reflect "knowing modifications." *Id.* at 953–54. The FAC alleges that the accused shades are "identical, or at least substantially similar," "nearly identical," and "striking[ly]" similar, and provides side-by-side comparisons. FAC ¶¶ 12–14, 25–27, 51, 54; Exs. C, F. Whether the

similarity precludes independent creation is evaluated "in light of all the evidence," *Gaste*, 863 F.2d at 1068, not on Bethel's characterization of its products.

The FAC independently pleads a "reasonable possibility" of access. *Jorgensen*, 351 F.3d at 51 (citation omitted). Beyond the website, it alleges that the parties are direct competitors, FAC ¶ 70; that Plaintiff has sold the designs since 2023 through hundreds of U.S. retailers with extensive U.S. marketing and media coverage, FAC ¶¶ 5, 8, 18, 21; Exs. B, E; that Bethel operates showrooms at the High Point, Dallas, and Atlanta markets and exhibits at major U.S. trade shows, FAC ¶ 55; Ex. C; and that third parties have copied the designs, FAC ¶¶ 9, 22. Comparable allegations plead access. *Malibu*, 922 F.3d at 954–55.

Bethel's authorities do not hold otherwise. *Clanton v. UMG Recordings, Inc.*, 556 F. Supp. 3d 322, 328–30 (S.D.N.Y. 2021), involved an amateur song posted online with no competitive relationship or shared channel, and a claimed similarity limited to a common phrase and time signature in popular music, where striking similarity is applied "with particular stringency" (citation omitted). *O'Keefe v. Ogilvy & Mather Worldwide, Inc.*, 590 F. Supp. 2d 500, 515 (S.D.N.Y. 2008), was decided on summary judgment on unrebutted testimony that the defendants had never seen the plaintiff's website. *Cates v. Schlemovitz*, No. 3:21-cv-00805, 2023 WL 6200196, at *6–8 (N.D.N.Y. Sept. 22, 2023), *aff'd sub nom. Cates v. Shlemovitz*, 2024 WL 4356403, at *1–2 (2d Cir. Oct. 1, 2024) (summary order), actually assumed that the plaintiff's song was widely enough disseminated to support access, and dismissed because a bare five-note sequence was not protectable expression; the Second Circuit affirmed on that ground and declined to reach copying. Neither decision announced any rule about a competitor's access. And *Nicholls* followed a bench trial. 367 F. Supp. 2d at 521–22. Bethel's claim that it "sourced" the products, Eom Decl. Ex. D, is a fact defense.

### 5. The FAC Plausibly Alleges Substantial Similarity

Bethel contends that the FAC fails to identify protectable elements. Def. Mem. at 13. Plaintiff identified the registered works and attached the deposits, FAC ¶¶ 10, 23; Exs. B, E, and each certificate "constitutes prima facie evidence of the valid ownership of a copyright," *Hamil* 193 F.3d at 98; *see* 17 U.S.C. § 410(c); *Jorgensen*, 351 F.3d at 51—a presumption that extends to the Copyright Office's determination that the registered features are separable sculptural expression, FAC Exs. B, E. The FAC identifies each: for Sorrento, "a linear side with extended portions appearing to be folded onto one another with wavy edges," FAC ¶ 6; for Belluno, "a tulip shape with three petals pinched in the middle and opened at the top," FAC ¶ 19—features of the registered shades shown in the deposits, FAC Exs. B, E. Courts need not "dissect [the works] into their separate components," but compare their "total concept and overall feel . . . as instructed by [their] good eyes and common sense," asking whether an ordinary observer "would be disposed to overlook [the disparities], and regard [the] aesthetic appeal as the same." *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 66 (2d Cir. 2010) (citations omitted); *see Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109–11 (2d Cir. 2001).

Bethel's arguments that its Sorrento-like shade "does not feature portions that are folded onto one another at all" and that its Belluno-like shades "depart considerably" from Plaintiff's, Def. Mem. at 14, are factual assertions resting on close-up photographs from Bethel's President, Eom Decl. ¶¶ 4–6 & Exs. A–B, which are outside the pleadings. *Foreman*, 19 F.4th at 106–07.

Nor does Plaintiff claim an idea. Plaintiff agrees that "the idea of having a tulip-inspired lampshade is not protectable," Def. Mem. at 14. Instead, Plaintiff claims a particular sculptural work shown in the deposits upon which its copyright registration for its Belluno work was granted by the US Copyright Office. FAC ¶ 19; Ex. E. Bethel's cases involved only unprotectable ideas or stock elements: replica pills in jewelry, *Wolstenholme v. Hirst*, 271 F. Supp. 3d 625, 638–39

(S.D.N.Y. 2017); colored rays and basic shapes, *Hayuk v. Starbucks Corp.*, 157 F. Supp. 3d 285, 290–92 (S.D.N.Y. 2016); a blister pack and color scheme, *Telebrands Corp. v. Del Labs., Inc.*, 719 F. Supp. 2d 283, 295 (S.D.N.Y. 2010); placement of functional elements in a colonial home, *Fortgang v. Pereiras Architects Ubiquitous LLC*, 230 F. Supp. 3d 77, 84–85 (E.D.N.Y. 2017); generalized architectural concepts, *Gaito*, 602 F.3d at 68–69; and rings with no identified protected elements, *Ritani, LLC v. Aghjayan*, 880 F. Supp. 2d 425, 443 (S.D.N.Y. 2012). Copyright protects a particular expression of a flower or a folded form even though the idea is unprotectable. *See Lego A/S v. Zuru Inc.*, No. 24-634-cv, 2025 WL 915027, at *4 (2d Cir. Mar. 26, 2025) (summary order) (protection "extends only to the particularized expression" of a figurine, not the idea). Bethel's claim that the designs are "common," Def. Mem. at 13 n.6, rests on Mr. Eom's declaration and raises at most a fact question.

### 6. The Court Should Not Strike Plaintiff's Request for Statutory Damages and Attorney's Fees

Bethel asks the Court to hold that 17 U.S.C. § 412 bars statutory damages and fees because Plaintiff's Canadian counsel sent Bethel a letter on December 18, 2024. Def. Mem. at 14–15 (citing Eom Decl. Ex. C). The argument fails for four reasons.

*First*, Bethel's authorities, Def. Mem. at 7, do not hold otherwise. In *FullSend*, the letters were sent by the defendant to the plaintiff, which "admit[ted] it was personally aware of the letters and discusse[d] their terms in detail" in its complaint; the court noticed them as "incorporated in and integral to the FAC," and only "for the limited purpose of noting what the documents state, rather than to prove the truth of their contents." 2023 WL 2710593, at *1, *3–4 (citation omitted). *Nano Dimension* likewise noticed, "[w]ithout objection," only "that the cease-and-desist letter was sent, but not for the truth of any matter asserted within it." 681 F. Supp. 3d 168, 192 n.7 (S.D.N.Y. 2023). Here, the FAC does not mention the December 2024 letter, Plaintiff does object, and Bethel

offers it for its truth (when infringement commenced), which neither case permits. See *Int'l Star Class*, 146 F.3d at 70. Bethel's alternative Rule 12(d) request would require conversion and an opportunity for contrary evidence, *Foreman*, 19 F.4th at 106–07—as Bethel concedes by reserving "the right to present evidence, such as invoices." Def. Mem. at 14 n.7.

*Second*, the letter does not show what Bethel claims. It asserted Canadian Registration Nos. 1229082 through 1229090, covering "photographs" and "production drawings," under the Canadian Copyright Act, and was sent by Toronto counsel to Bethel's Ontario address about photographs on Bethel's website and in email blasts. Eom Decl. Ex. C. It says nothing about when Bethel began selling the accused shades in the United States. That matters because "copyright laws generally do not have extraterritorial application," *Update Art, Inc. v. Modiin Publ'g, Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988), and § 412 reaches only an "infringement of copyright commenced . . . before the effective date of its registration," 17 U.S.C. § 412(2). Conduct in Canada is not infringement of a U.S. copyright. And infringement of a U.S. copyright is governed by U.S. law. *Canadian Standards Ass'n. v. P.S. Knight Co.*, 112 F.4th 298, 305 (5th Cir. 2024).

*Third*, the FAC pleads U.S. infringement after the December 22, 2025 registration date—Lightovation in January 2026 and website offerings in March 2026. FAC ¶¶ 55–56; Exs. C, F. Whether that conduct continues a pre-registration series or is a new infringement after an appreciable cessation is a fact question. *See Troll Co. v. Uneeda Doll Co.*, 483 F.3d 150, 158–59 (2d Cir. 2007). By contrast, in *Goswami v. Sweet Reason US Co.*, 2025 WL 917831, at *2–3 (E.D.N.Y. Mar. 25, 2025), the complaint itself alleged infringement beginning two years before registration, and *Steele v. Bell*, 2014 WL 1979227, at *8 (S.D.N.Y. Mar. 28, 2014), was decided after default, on the plaintiff's own evidence that infringement began before registration.

*Fourth*, the request is premature: Plaintiff seeks statutory damages only "if elected," FAC Prayer ¶ ix, as § 504(c)(1) permits "at any time before final judgment," and § 412 does not affect actual damages, profits, or injunctive relief. *See Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC*, 586 U.S. 296, 299 (2019).

### D. THE FAC STATES CLAIMS FOR TRADE DRESS INFRINGEMENT AND UNFAIR COMPETITION

A product design plaintiff must articulate its trade dress and allege non-functionality, secondary meaning, and likelihood of confusion; articulation must not be conflated with distinctiveness. *Cardinal Motors*, 128 F.4th at 116–17, 121–24. The FAC does each.

#### 1. The FAC Precisely Articulates Plaintiff's Trade Dress

Bethel relies on *Nat'l Lighting Co. v. Bridge Metal Indus., LLC*, 601 F. Supp. 2d 556 (S.D.N.Y. 2009), and *Tentandtable.com, LLC v. Aljibouri*, 2025 WL 959656 (W.D.N.Y. Mar. 31, 2025). Def. Mem. at 16–19. In *Nat'l Lighting*, the plaintiff offered a "laundry list" of fixture elements and could not say which were common to its line, 601 F. Supp. 2d at 561–63; in *Tentandtable*, the claimed trade dress was little more than a yellow-and-black color scheme on an air blower, and the court, after questioning that articulation, dismissed for failure to plead secondary meaning, 2025 WL 959656, at *8–13. The FAC instead pairs a written description of a specific sculptural form with drawings disclaiming all matter in dotted lines, FAC ¶¶ 6, 19—the established method of separating claimed from unclaimed features, *see* 37 C.F.R. § 2.52(b).

That is the specificity *Cardinal Motors* approved. It held that a list of specific features—a "curved top," a "thin chin protector," a "relatively large eyeport height"—satisfied the articulation requirement, that the required precision "will no doubt vary from case to case," and that a plaintiff meets the requirement "even if the components described arguably render the trade dress overbroad, generic, not distinctive, or functional." 128 F.4th at 124–26. Bethel's demand for "the

length of the linear side," the "angle" of the forms, and the "number of flowers," Def. Mem. at 17–18, asks for more than *Cardinal Motors* required: the features approved there were described in relative terms, without measurements. A description is not inadequate because it "can be dissected" to cover a range of products, *Bobcar Media, LLC v. Aardvark Event Logistics, Inc.*, 554 F. Supp. 3d 606, 616 (S.D.N.Y. 2020), and images may supplement words, because trade dress is "that image itself," *Concannon v. LEGO Sys., Inc.*, 2023 WL 2526637, at *13 (D. Conn. Mar. 15, 2023) (citation omitted). Bethel's cases, *Tracey Tooker & TT Ltd., Inc. v. Whitworth*, 212 F. Supp. 3d 429, 434 (S.D.N.Y. 2016), and *Heller, Inc. v. Design Within Reach, Inc.*, 2009 WL 2486054, at *6 (S.D.N.Y. Aug. 14, 2009), involved only categories of features ("size, shape and color"; "style, shape, angle") or a bare label ("ornamental and sculptural chair") accompanied by photographs, from which the courts could not distill the claimed elements. Plaintiff offers a specific written description and drawings disclaiming everything else.

Bethel's product-line argument, Def. Mem. at 18 (citing *Montblanc-Simplo GmbH v. Colibri Corp.*, 692 F. Supp. 2d 245, 255 (E.D.N.Y. 2010), and *R.F.M.A.S., Inc. v. Mimi So*, 619 F. Supp. 2d 39, 77–79 (S.D.N.Y. 2009)), also fails: the FAC identifies the single form common to each collection's fixtures, FAC ¶¶ 6, 19, unlike *Yurman*, 262 F.3d at 117–18, and *National Lighting*, and whether it appears in each product is a fact question. The additional reference to the "combination and arrangement" of fixtures, FAC ¶¶ 6, 19, goes at most to the scope of relief.

**2. The FAC Plausibly Alleges Non-Functionality**

Plaintiff bears the burden of pleading non-functionality, 15 U.S.C. § 1125(a)(3), but the Court considers the FAC as a whole. In *Wonderful*, the Second Circuit found non-functionality allegations "far from robust" yet vacated dismissal because, "taking all of the allegations . . . as a whole, including the detailed description of [the] unregistered trade dress," dismissal "was inappropriate." 2025 WL 212064, at *4. The FAC meets that standard.

The USPTO's examination of Plaintiff's trademark applications confirms that the claimed forms are distinct from the utilitarian elements of the fixtures. See Gray Decl. Exs. A-B (Nonfinal Office Actions, U.S. Serial Nos. 99563683 & 99569113 (Feb. 6, 2026)); *FullSend*, 2023 WL 2710593, at *4 (taking judicial notice of "the existence of, and the statements contained in, trademark application and registration documents on file with the USPTO"). For the Sorrento application, the USPTO Examining Attorney identified only "a light socket, rod and mounting unit" as "nondistinctive and incapable of functioning as a mark," because those elements "are the same or substantially similar to the designs of competitors' products" and consumers "are accustomed to seeing such elements on similar products." Exh. A at 64 (Serial No. 99563683, Office Action dated February 6, 2026 at 4). She did not identify the shade form itself as such an element. She required instead that the hardware be shown in dotted lines and proposed a description claiming "a light shade featuring a linear side with extended portions appearing to be folded onto one another with wavy edges," with "[t]he matter shown in dotted lines depicting a light socket, rod and mounting unit" being "not part of the mark." *Id.* For the Belluno application, she likewise proposed a description claiming "a light shade featuring a tulip shape with three petals forming a hollow spherical center, pinching in the middle, and opening at the top," with "[t]he matter shown in dotted lines depicting tulip stems, two other tulips, and a circular mount" being "not part of the mark." Exh. B at 83 (Serial No. 99569113, Office Action dated February 6, 2026 at 4).[2] The dotted-line convention matters. Unclaimed matter is shown in broken lines so that the mark consists only of what is drawn in solid lines. See 37 C.F.R. § 2.52(b)(4). The Examiner Attorney's required descriptions thus place the sockets, rods, mounts, and stems, which are the

[2] Plaintiff requests the Court take judicial notice of the entire USPTO prosecution history for Serial No. 99563683 and for Serial No. 99569113, excerpts of which are included as Exhibit A and Exhibit B.

components that hold and power a light, outside the mark, and leave only the ornamental shade forms within it. That is precisely the line the FAC draws, claiming only those forms and disclaiming "the matter shown in dotted lines." FAC ¶¶ 6, 19. Separating the claimed configuration from the fixture's working parts is what distinguishes a non-functional design from one "essential to the use or purpose of the article." *Christian Louboutin S.A. v. Yves Saint Laurent Am. Holdings, Inc.*, 696 F.3d 206, 219 (2d Cir. 2012) (citation omitted).

*Utilitarian functionality.* A feature is functional if it is “essential to the use or purpose of the article” or “affects the cost or quality of the article.” *Id.* (quoting *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844, 850 n.10 (1982)). It is “the absence of alternative constructions performing the same function that renders the feature functional.” *Brandir Int’l, Inc. v. Cascade Pac. Lumber Co.*, 834 F.2d 1142, 1148 (2d Cir. 1987). The FAC claims only ornamental shade forms and disclaims frames, canopies, cords, and sockets. FAC ¶¶ 6, 19. Each form was registered as separable sculptural features, and the Sorrento registration excludes the functional bulb hook. FAC Exs. B, E; *see* Point IV.C.1, supra. Separability and functionality are distinct inquiries, *see Brandir*, 834 F.2d at 1148, but a form that can be imagined as a freestanding sculpture is at least plausibly not "dictated by the functions to be performed," *id.* (citation omitted). The forms do not make a fixture cheaper or brighter; they make it look a particular way. Bethel’s cases involved self-evidently utilitarian features: a grill’s “plastic handle” and “four wire chrome legs,” *ID7D Co. v. Sears Holding Corp.*, 2012 WL 1247329, at *7 (D. Conn. Apr. 13, 2012); a shoe strap and heel tab, *Eliya, Inc. v. Steven Madden, Ltd.*, 749 F. App’x 43, 47 (2d Cir. 2018) (summary order); and furniture seating and arm rests, *Heptagon Creations, Ltd. v. Core Grp. Mktg. LLC*, 2011 WL 6600267, at *7–8 (S.D.N.Y. Dec. 22, 2011).

*Aesthetic functionality.* Bethel says protection would monopolize "basic elements of a style." Def. Mem. at 20 (quoting *Wallace Int'l Silversmiths, Inc. v. Godinger Silver Art Co.*, 916 F.2d 76, 81 (2d Cir. 1990)). But the question is whether protection "would significantly hinder competition by limiting the range of adequate alternative designs," *Christian Louboutin*, 696 F.3d at 222 (quoting *Forschner Grp., Inc. v. Arrow Trading Co.*, 124 F.3d 402, 409–10 (2d Cir. 1997)); *see Villeroy & Boch Keramische Werke K.G. v. THC Sys., Inc.*, 999 F.2d 619, 620–22 (2d Cir. 1993), and "arbitrary arrangements of predominantly ornamental features" that leave competitors free to use other designs "are non-functional," *Christian Louboutin*, 696 F.3d at 222 (citation omitted). The inquiry is "highly fact-specific," *id.* at 222–23, and the party asserting functionality must show the features are "essential to effective competition." *Fun-Damental Too, Ltd. v. Gemmy Indus. Corp.*, 111 F.3d 993, 1002 (2d Cir. 1997). Bethel's only support is Mr. Eom's declaration and counsel's screenshots, Def. Mem. at 20, which are outside the pleadings. *Wallace* itself, decided on a preliminary injunction record, distinguished "a precise expression of a decorative style"—which Plaintiff claims—from "basic elements of a style." 916 F.2d at 81.

Alternatives abound: Plaintiff claims two specific forms among countless possible shade shapes. FAC ¶¶ 6–9, 19–22. Unlike the swan float described in subjective terms like "pleasing appearance" in *Int'l Leisure Prods., Inc. v. Funboy LLC*, 747 F. App'x 23, 25–26 (2d Cir. 2018) (summary order), or the generalized die-cut card concept in *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 32–33 (2d Cir. 1995), Plaintiff claims objectively described forms. *Cf. Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 341–42 (E.D.N.Y. 2014). If more is required, Plaintiff can allege expressly that the forms serve no utilitarian function, do not affect cost or quality, and leave competitors free to use other forms. *See* Point V, *infra*.

### 3. The FAC Plausibly Alleges Secondary Meaning

Product design trade dress requires secondary meaning. *Wal-Mart Stores, Inc. v. Samara Bros., Inc.*, 529 U.S. 205, 216 (2000). Courts consider advertising, consumer studies, unsolicited media coverage, sales success, plagiarism attempts, and length and exclusivity of use. *Mana Prods., Inc. v. Columbia Cosmetics Mfg., Inc.*, 65 F.3d 1063, 1071 (2d Cir. 1995). No factor is determinative. *Bubble Genius LLC v. Smith*, 239 F. Supp. 3d 586, 598 (E.D.N.Y. 2017). Because the factors are evidentiary, "[c]ourts have assumed secondary meaning at the motion to dismiss stage on very minimal pleadings." *Concannon*, 2023 WL 2526637, at *14–15 (citation omitted).

The FAC addresses the factors: continuous U.S. use since March 2023, FAC ¶¶ 5, 18; substantial U.S. sales, advertising "under the" trade dress, hundreds of U.S. retailers, and unsolicited media coverage "featuring the" trade dress, FAC ¶¶ 8, 21; and intentional copying by third parties and Bethel, FAC ¶¶ 9, 22, 51, 54—itself a *Mana* factor, 65 F.3d at 1071. Those allegations are tied to the trade dress, unlike *Urban Grp. Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2013 WL 866867, at *3–5 (S.D.N.Y. Mar. 8, 2013), where the advertising either pre-dated, or was not alleged to have "stressed or emphasized," the claimed red stripe, the media coverage showed a different color scheme, and the only copying alleged was the defendant's. The earlier decision, 2012 WL 3240442, at *6–7 (S.D.N.Y. Aug. 7, 2012), turned on the absence of any advertising or plagiarism allegations and granted leave to replead. *See also Kramer Mfg. Co. v. Andrews*, 783 F.2d 421, 449-50 (4th Cir. 1986) ("evidence of deliberate copying establishes a prima facie case of secondary meaning"); *Harlequin Enterp. Ltd. v. Gulf & Western Corp.*, 644 F.2d 946, 949-50 (2d Cir. 1981) (deliberate copying can be evidence of secondary meaning).

Bethel's other authorities address proof, not pleading: *Braun Inc. v. Dynamics Corp. of Am.*, 975 F.2d 815, 826–27 (Fed. Cir. 1992), turned on the lack of *evidence* that advertising created

secondary meaning; *Sports Traveler, Inc. v. Advance Mag. Publishers, Inc.*, 25 F. Supp. 2d 154 (S.D.N.Y. 1998), and *Bobcar*, 554 F. Supp. 3d at 617–19, were decided on summary judgment; and *Mana*, 65 F.3d at 1071, affirmed summary judgment. And the *Wonderful* district court decision Bethel cites, Def. Mem. at 23 (citing 2022 WL 4585344 (S.D.N.Y. Sept. 29, 2022)), was vacated. 2025 WL 212064, at *1, *4.

The USPTO office actions to which Plaintiff points, Def. Mem. at 23–24 (citing Lichtman Decl. Exs. A–D), were not relied on in the FAC and may be noticed, at most, for the fact that they issued. *Int'l Star Class*, 146 F.3d at 70; *FullSend*, 2023 WL 2710593, at *3. An examiner's ex parte, non-final assessment does not determine this claim, which is resolved "not by reference to a registration determination by the [US]PTO but by application of the multi-factor balancing test." *System1 Rsch. Ltd. v. System1 LLC*, 2022 WL 4585735, at *6 (S.D.N.Y. Sept. 29, 2022) (citation omitted). And Bethel's non-exclusivity argument rests on its declarations, Def. Mem. at 23. The third-party products it identifies are at least as plausibly the "intentional cop[ies]" the FAC alleges. FAC ¶¶ 9, 22.

### 4. The FAC Plausibly Alleges Likelihood of Confusion

"The likelihood of confusion test is a fact-intensive analysis that ordinarily does not lend itself to a motion to dismiss." *Merck & Co. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 412 (S.D.N.Y. 2006). A plaintiff "is not . . . required to address the *Polaroid* factors in its complaint." *System1*, 2022 WL 4585735, at *6. The focus is "the ultimate question of whether consumers are likely to be confused." *Wonderful*, 2025 WL 212064, at *2 (citation omitted); *see Car-Freshner Corp. v. Am. Covers, LLC*, 980 F.3d 314, 333–34 (2d Cir. 2020).

*Wonderful* is directly on point. The Second Circuit vacated dismissal because the trade dresses created "the same general overall impression" despite differences visible side by side, the products shared consumers and at least one channel, and absence of actual-confusion allegations

was neutral at the pleading stage. 2025 WL 212064, at *2–4. *See also System1*, 2022 WL 4585735, at *9–10; *Concannon*, 2023 WL 2526637, at *16–19.

The FAC pleads at least as much. *Similarity*: the products are "nearly identical," as the side-by-side images show, FAC ¶¶ 14, 27, 51, 54; Exs. C, F, and only "confusing similarity, not identity" is required, *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 117 (2d Cir. 2006). *Proximity and channels*: Bethel is "directly competing" in the same goods, sells nationwide including New York, keeps U.S. showrooms, and exhibited at a major U.S. trade show. FAC ¶¶ 43, 55–56, 70; Ex. C. *Bad faith*: unlike in *Wonderful*, Bethel ignored a demand and two follow-ups and then exhibited the products. FAC ¶¶ 52–55. *Strength*: the FAC alleges acquired distinctiveness. FAC ¶¶ 7–9, 20–22.

*McGregor-Doniger Inc. v. Drizzle Inc.*, 599 F.2d 1126, 1130 (2d Cir. 1979), followed a bench trial, and the *Eliya* complaint offered "no written description" of the accused shoes, 749 F. App'x at 47–48. The FAC describes the forms, alleges that Bethel's products reproduce them, and identifies those products by image and SKU. FAC ¶¶ 6, 12–14, 19, 25–27; Exs. C, F. Nor must Plaintiff allege "misleading representations as to source," Def. Mem. at 24; the test is likelihood of confusion. *See Wonderful*, 2025 WL 212064, at *2.

### 5. The New York Common Law Claims Are Adequately Pleaded

Because the Lanham Act claims are adequately pleaded, so are the state claims. Def. Mem. at 25. Bethel's three additional arguments also fail.

*Bad faith*. New York unfair competition mirrors the Lanham Act claim plus bad faith. *Heptagon*, 2011 WL 6600267, at *9. The defendant must have "misappropriated plaintiff's labor, skills, expenditures or good will, and displayed some element of bad faith in doing so." *Schroeder v. Pinterest Inc.*, 133 A.D.3d 12, 30 (1st Dep't 2015). The claim's "essence" is that the defendant "assembled a product . . . which bears a striking resemblance to the plaintiff's product," and bad

faith "may be inferred from the absence of justification" for the defendant's conduct. *Cold Spring Harbor Constr., Inc. v. Cold Spring Builders, Inc.*, 45 Misc. 3d 1222(A), 2014 N.Y. Slip Op. 51688(U), at *2–3 (Sup. Ct. Suffolk Cnty. Nov. 20, 2014). Allegations that a defendant "knew or should have known of [the plaintiff's] exclusive rights" and "nevertheless chose" to proceed suffice. *Zip Int'l Grp., LLC v. Trilini Imps., Inc.*, 2010 WL 648696, at *5 (E.D.N.Y. Feb. 22, 2010).

The FAC alleges knowing, intentional bad faith, FAC ¶¶ 81, 89, supported by facts: near-identical copies, FAC ¶¶ 51, 54; an ignored demand and follow-ups, FAC ¶¶ 52–53; and continued display and sales after notice, FAC ¶¶ 55–56. That is a course of conduct, not the bare prior knowledge found wanting in *Wonderful*, 2025 WL 212064, at *3–4. *Omicron Capital, LLC v. Omicron Capital, LLC*, 433 F. Supp. 2d 382, 389–93 (S.D.N.Y. 2006), was decided on summary judgment on a record of a clean trademark search and different markets, and *Forschner*, 124 F.3d at 404–05, followed trial.

As to Plaintiff's Belluno trade dress, bad faith is pleaded through the near-identity of the products, Bethel's knowledge of Plaintiff's rights in a companion design, and continued sales after notice. FAC ¶¶ 52–56, 89. And if the Court considers the December 18, 2024 letter, it expressly named both the "Belluno Collection" and the "Sorrento Collection," described Bethel as a competitor "whose business model it is to produce lower-cost reproductions of others' designs," and accused it of attempting to "reverse engineer" both. Eom Decl. Ex. C. *See Harlequin*, 644 F.2d at 949-50.

<u>*New York goodwill*</u>. Bethel argues that a foreign plaintiff must show that New York consumers "primarily associate the mark with the foreign plaintiff." Def. Mem. at 25 (quoting *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 479, 880 N.E.2d 852, 860 (2007)). *ITC* addressed the "famous marks" doctrine for a mark used only abroad—indeed, abandoned in the United States—

and required "actual goodwill in New York" for a plaintiff relying on prior use "in a foreign country." 9 N.Y.3d at 474–80, 880 N.E.2d at 857–60. It confirmed that goodwill is protected "whether the business is domestic or foreign." *Id.* at 479. Unlike the *ITC* plaintiff, Plaintiff relies not on foreign use but on U.S. use, sales, retailers, advertising, and media coverage, FAC ¶¶ 5, 8, 18, 21, and Bethel's sales in New York, FAC ¶¶ 43, 56. And *ITC*'s factors include whether the defendant "intentionally associated its goods with those of the foreign plaintiff" and "actual overlap between customers," 9 N.Y.3d at 479–80—both pleaded here. FAC ¶¶ 51, 54, 70. New York association is a fact question.

*N.Y. Bus. Corp. Law § 1312(a)*. Bethel argues in a footnote that Plaintiff is barred because it does not plead New York authorization. Def. Mem. at 25 & n.10 (citing *Nat'l Lighting*, 601 F. Supp. 2d at 565–66). *First*, § 1312(a) reaches only a foreign corporation "doing business in this state without authority"; it "affects the legal capacity" of the corporation and requires "some ongoing intrastate business activity," and even "a 'series of sales'" into New York is not enough. *Netherlands Shipmortgage Corp. v. Madias*, 717 F.2d 731, 735–38 (2d Cir. 1983) (citation omitted). Plaintiff is an Ontario corporation selling through U.S. retailers, FAC ¶¶ 8, 21, 44—interstate commerce, not intrastate activity. *Second*, Bethel bears the burden on facts outside the pleadings; *National Lighting* itself held that "a hearing (preceded by discovery) would be necessary." 601 F. Supp. 2d at 566. *Third*, the statute applies in federal court under *Erie* where "jurisdiction rests on diversity," *Netherlands Shipmortgage*, 717 F.2d at 735, and *National Lighting* reached it only after dismissing every federal claim; here the state claims are supplemental to live federal claims. FAC ¶ 46; 28 U.S.C. § 1367.

**E. IN THE ALTERNATIVE, PLAINTIFF SHOULD BE GRANTED LEAVE TO AMEND**

Should the Court find any claim deficient, Plaintiff requests leave to amend, which should be "freely give[n]," Fed. R. Civ. P. 15(a)(2), under a standard "informed by a strong preference for resolving disputes on the merits." *Ritani*, 880 F. Supp. 2d at 439 (citation omitted); *see Cole*, 2012 WL 3133520, at *7; *Malibu*, 922 F.3d at 954–55.

The FAC responded to a pre-motion letter, not a ruling of this Court, unlike *Aqua Creations*, where the plaintiff had amended twice, 487 F. App'x at 629, and *Urban Grp.*, where dismissal with prejudice followed a prior opinion identifying the defects, 2013 WL 866867, at *1, *6. Bethel's motion also raises new arguments—non-functionality, access, deposit copy, New York goodwill, and § 1312(a). Amendment would not be futile: Plaintiff can plead additional facts on the ornamental character of the forms and available alternatives; U.S. sales, retailers, advertising, and media coverage; third-party copying; overlapping trade shows and channels; and notice as to both collections.

**V. CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant's motion to dismiss in its entirety; or in the alternative, grant Plaintiff leave to amend.

Date: November 16, 2026
Chicago, Illinois

**NIXON PEABODY LLP**

By: /s/ Michael Gray
Michael Gray
70 West Madison Street, Suite 5200
Chicago, IL 60602-4378
(213) 684-3529
mgray@nixonpeabody.com
*Attorneys for Plaintiff LIB & Co. Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2026, a true and correct copy of the foregoing Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss the First Amended Complaint, together with all exhibits thereto, was served via electronic mail upon the following counsel of record for Defendant Bethel International:

Leo Martin
Lichtman Cowan, DeBaets, Abrahams & Sheppard LLP
60 Broad Street, 30th Floor
New York, NY 10004
llichtman@cdas.com

Dated: November 16, 2026
Chicago, Illinois

/s/ Michael Gray
Michael Gray, Esq.